Rockingham,
Jan. 3, 1933.

GEORGE H. MANOCK, *Adm'r*

*v.*

AMOS D. BRIDGE'S SONS, *Inc.*

*Cooper & Hall* (*Mr. Cooper* orally), for the plaintiff.

*Hughes & Burns* (*Mr. Burns* orally), for the defendant.

PEASLEE, C. J. This is a proceeding to recover compensation under chapter 178 of the Public Laws. By the terms of that statute recovery of compensation thereunder is limited to employees of the defendant, or those claiming through them, or because of their status when injured. *Brown* v. *Company*, 82 N. H. 78. This fundamental requirement is conceded by the plaintiff, and his claim is based upon the proposition that the essential relation of the parties could be found upon the evidence in the case.

The facts are not in dispute. The defendant was engaged upon a road building contract, and hired from the decedent's father two trucks with their drivers at a stated compensation per hour for each operated truck. The decedent was employed by his father to drive one of them. The defendant had general control of the operations. It directed the drivers when and where to load and dump, etc. But it had no control over the actual operation of the trucks, or as to their condition. The accident happened when several trucks employed on the job were waiting in line to commence the day's work. The decedent's truck stood on an incline. He stopped it a few feet from the one next in front, alighted and went in between the two. While he was in that place his truck started, and he was caught and crushed between them.

It is evident that the accident resulted directly and solely from the operation of the decedent's truck. There was either a defective brake or a good brake insufficiently set. Unless the decedent was the defendant's servant as to these details of his work there can be no recovery here. Much stress has been laid upon the fact that as to manner and place of loading, etc., the defendant was in control. The flaw in the argument lies in its failure to recognize that the decedent occupied dual relations in what he did. He was the defendant's serv-

ant only as far as the right to control his actions was surrendered to the defendant. As to actions where the defendant did not have the right of control he remained his father's servant.

In the determination of the rights resulting from the many and varying situations which the facts of individual cases have presented, the authorities are conflicting. While the test before stated is generally given lip service, results reached have frequently shown that it was substantially disregarded. "Allowing all possible latitude for the varying facts and circumstances which distinguish and characterize the reported cases, the decisions have often been in direct conflict and precedents may be found on both sides of almost every conceivable situation in which the question could arise." *Murray's Case*, 130 Me. 181.

It is not deemed necessary to attempt a review of the very numerous and conflicting decisions elsewhere upon this subject, since the conclusions which have been reached in this jurisdiction establish the rule which governs in the present instance. It has been decided that one working about another's business may occupy a dual position, so that in certain aspects of what he does he is an employee entitled to the benefits of the act, while at the same time and as to other aspects of his work he is not within its provisions. *Brown* v. *Company*, 82 N. H. 78.

The cognate question of a master's liability for acts of those who are his servants to some extent and who also do acts in furtherance of his business which are not subject to his control, received extended consideration in *McCarthy* v. *Souther*, 83 N. H. 29. The conclusion was that as to acts over which the master has no right of control he is not liable as master. His "responsibility fails since the undertaking is not his." "The decisive inquiry is whether the employer had any control over Souther in the management and operation of the latter's automobile," *Ib.* 37. The test of right of control there declared has always been deemed an essential element in the relation of master and servant. If there is no such right, the relation does not exist. *Porter* v. *Company*, 83 N. H. 334, and cases cited; *Paro* v. *Company*, 77 N. H. 394, and cases cited; *Merron* v. *Fessenden*, 77 N. H. 77; *Pittsfield &c. Company* v. *Company*, 71 N. H. 522, 530; *Manchester* v. *Warren*, 67 N. H. 482.

The distinction is clearly applicable in this case. As to what was done by the truck in its movement from place to place the decedent might be deemed to have been the defendant's servant, because in those matters the defendant had the right of control. But as to the

condition of the truck, or as to how it was made to operate, he was not the defendant's servant. Control as to those matters rested with the contractor who furnished the truck and driver, and in these respects the decedent was his father's servant.

Additional assurance that the foregoing conclusion is a correct statement of the legislative intent is found in the history of the statute. The only precedent available when the act was passed in 1911 was the English statute. *Guay* v. *Company*, 83 N. H. 392. That statute contained a detailed provision for compensation liability to the servants of an independent contractor. 6 Edw. VII, *c.* 58, *s.* 4. While a similar provision was inserted in the Massachusetts act adopted the same year (*Centrello's Case*, 232 Mass. 456), there is nothing of the kind to be found in our statute. There was an evident purpose not to extend liability beyond the relation of master and servant, as that relation had theretofore been defined and was then understood. Reliance has been placed upon the beneficent purpose of the act. But, as often stated before (*Lybolt* v. *Company*, 85 N. H. 262, and cases cited), this attribute cannot alter the plain meaning of the language used.

The plaintiff also relies upon the evidence in the case that the defendant deducted certain sums from the amount due for the work done with the trucks as insurance to compensate the drivers of Manock's trucks in case of accidental injury. The reason for this is probably to be found in the fact that both the defendant and the decedent's father came from states where the local statutes create a liability in case of an injury to the servant of an independent contractor. *Centrello's Case*, 232 Mass. 456; *Bogoratt* v. *Company*, 114 Conn. 126.

Whatever right may or may not have been created by such a transaction, against either the contractor or the insurer, is immaterial in this proceeding. Recovery here could only be had by virtue of the provisions of our statute. That is the only ground for liability set up in the petition. And while the petition alleges notice to the insurer, it was not made a party.

As the decedent was not the defendant's servant in the management of the truck, it follows that his injury, which was caused by such management, did not arise out of his employment as such servant. The necessary conclusion is that the plaintiff cannot recover under the compensation act.

*Petition dismissed.*

All concurred.