**EULAINE JONES, Plaintiff**

v.

**ARTURO L. JAMES, Defendant**

Civil No. 78-72

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 26, 1980

JOHN J. MAHON, ESQ. (LEARNED & MAHON), St. Thomas, V.I., *for plaintiff*

IVE A. SWAN, ESQ., Attorney General of the Virgin Islands, By: DANIEL A. ISAACSON, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This tort action is before the Court on motions of the Government of the Virgin Islands to intervene as a party defendant and for summary judgment on its claim for a workmen's compensation law subrogation lien. Fed. R. Civ. P. 24, 56(a).

Plaintiff, a government employee, was involved in two automobile accidents, only the first of which was covered by workmen's compensation. Subsequently, plaintiff, with the Government's consent, resolved her claims against the alleged tortfeasor in the first accident. At issue is whether under these facts the Government may be subrogated to plaintiff's right to sue the tortfeasor allegedly responsible for the second accident for aggravating a compensable injury received in the first accident. Since the Court answers this question in the negative, the motions to intervene and for summary judgment will be denied.

On June 6, 1976, plaintiff Eulaine Jones was involved in an automobile accident with Fred Esannason. Because the accident arose out of and in the course of plaintiff's employment by the Department of Education, it was covered by workmen's compensation. Accordingly, plaintiff filed a workmen's compensation claim and received benefits for disability and medical payments pursuant to 24 V.I.C. § 252. Among the injuries plaintiff sustained in the accident and for which she received compensation was damage to her neck and back.

On October 8, 1977, plaintiff was involved in a second automobile accident, this time with defendant Arturo L. James. The latter occurrence did not take place during the course of, nor did it arise out of plaintiff's employment. Thus, the accident did not entitle plaintiff to compensation pursuant to 24 V.I.C. § 252. However, as a result of this accident plaintiff allegedly had aggravated the back injury she suffered in the first accident. On this basis, plaintiff received workmen's compensation benefits for treatment for her back through March 1979.

For each accident, plaintiff instituted a separate civil action with different counsel. In the Esannason action, the Government originally had a lien for all workmen's compensation payments made to plaintiff. However, in a letter to the Government dated September 19, 1978, plaintiff's counsel in the Esannason action expressed concern that when combined with counsel's contingent fee, the Government's lien would consume Esannason's entire insurance coverage. In response, the Government elected to prorate its liens so

that the Esannason action would only be charged with those compensation payments made prior to the second accident and a separate lien would be placed on the James action for all subsequent payments. Thus, when plaintiff obtained a jury verdict against Esannason in November 1978, the Government received only $2,213.64 representing compensation payments made to plaintiff prior to October 8, 1977, the date of the James accident. The Government now seeks a lien in the James action for the remaining $4,727.47 in workmen's compensation benefits it paid plaintiff subsequent to October 8, 1977.

 The Government has a right to be subrogated to the rights of plaintiff, a government employee, against "third persons responsible" for the injury entitling plaintiff to compensation under 24 V.I.C. § 252.[1] See 24 V.I.C. § 263.[2] Pursuant to § 252, an employee is entitled to workmen's compensation for injuries "arising out of and in the course of his employment". This test of causation under § 252 is extremely broad and, therefore, plaintiff could have qualified for compensation for that portion, if any, of her back injuries aggravated by the James accident but attributable to the Esannason accident. See RESTATEMENT (SECOND) OF TORTS § 47 (1965); Denver Producing & Refining Co. v. Phillips, 21 P.2d 42, 44–45 (Okla. 1933); see also Matter of Goodman, 187 N.Y.S.2d 145, 146 (App. Div. 3d Dept. 1959). Of course, under § 263, whenever the Government is compelled to pay compensation to an employee for injuries aggravated by an accident unrelated to work, the Government is simultaneously subrogated to the employee's right against "third persons responsible".

---

[1] § 252. Right to Compensation for Personal Injury or Occupational Disease

(a) Every employer shall pay compensation as hereinafter specified for the disability or death of an employee resulting from a personal injury or occupational disease arising out of and in the course of his employment, irrespective of fault as a cause of the injury or death. . . .

[2] § 263. Liability of Third Persons; Subrogation

In cases where the injury . . . entitling the . . . employee . . . to compensation in accordance with this chapter has been caused under circumstances making third persons responsible for such injury . . . the injured . . . employee . . . may claim and recover damages from the third person responsible for said injury . . . within two years following the date of the injury. The Commissioner may subrogate himself to the rights of the . . . employee . . . to institute the same action in the following manner:

When an injured . . . employee . . . may be entitled to institute an action for damages against a third person in cases where the Government Insurance Fund, in accordance with the terms of this chapter, is obliged to compensate in any manner or to furnish treatment, the Commissioner shall subrogate himself to the

The parties vigorously dispute whether defendant James, the alleged tortfeasor who aggravated plaintiff's back injuries, is such a "third person responsible" for plaintiff receiving workmen's compensation. The Government reasons that since plaintiff received workmen's compensation as a result of an accident caused by James, he must be a "third person responsible". Plaintiff contends, however, that the Government is not entitled to a lien because James cannot be a "third person responsible" under either of the two factual situations that must exist. The first possibility put forth by plaintiff is that the aggravation of her back injuries was in no way caused by Esannason because the James accident was an independent intervening cause. If Esannason was not the cause, then the Government's payment of workmen's compensation benefits to plaintiff was in error. Alternatively, plaintiff argues that the only other possibility is that she actually was entitled to workmen's compensation because the aggravation is attributable to the first accident with Esannason. If this is true, however, then plaintiff concludes that only Esannason could be the "third person responsible." Thus, plaintiff concludes, the Government has no rights against James, the defendant in the case at bar. Accordingly, as the parties view the issue, the Court must interpret the term "third person responsible" in § 263.[3]

■ The Court reasons, however, that the jury's resolution of plaintiff's first action against Esannason signifies that the Government cannot acquire a lien against James regardless of the construction of § 263. In effect, the verdict amounts to a complete determination of the first tortfeasor, Esannason's liability. That determination includes any potential liability for aggravation of plaintiff's injuries in subsequent accidents. Thus, since plaintiff has already recovered all the damages to which she is entitled by virtue

---

rights of the . . . employee . . . and may institute proceedings against such third person in the name of the injured . . . employee . . . within two years following the date of the injury. . . .

The injured . . . employee . . . may not institute any action, nor may compromise any right of action they may have against the third person responsible for the damages, unless the Commissioner is a party to the action or agrees to the compromise. . . .

[3] Plaintiff contends that the party "responsible for the injury under § 263 is solely the tortfeasor who" caused the accident covered by workmen's compensation. In contrast, the Government argues that § 263 signifies that the Government also has a right against any party the employee could sue for damages. In effect, since plaintiff could recover her total damages for the aggravation of her back injury from defendant and let defendant seek contribution from the tortfeasor in the first accident, the Government should acquire the same right.

of their being caused by aggravation of earlier injuries, she could not recover the same damages again from defendant. Accordingly, the proposed settlement between plaintiff and defendant James does not allow for any sums allocable to injuries attributable to the first accident and, as a consequence, the Government has no basis under § 263 upon which to assert its lien.

██ ██ This result is analogous to the outcome when plaintiff settles with one of two joint tortfeasors but proceeds against the second. Without a settlement, the plaintiff could recover the entire sum from either defendant and let that defendant seek contribution from the other. But when one defendant settles, the plaintiff can only recover from the nonsettling defendant that percentage of the damages which he actually caused. Similarly, after settling with Esannason, plaintiff Jones can only recover from defendant James that percentage of her injuries caused by James. Thus, no portion of the aggravation of her back injuries attributable to the first accident is included in the proposed settlement. The Government, therefore, has no basis to proceed under § 263 because the workmen's compensation payments it made to plaintiff are for different injuries than those covered by the proposed settlement against defendant. Moreover, the Government is without grounds for complaining about the result since it impliedly consented to the verdict in the first action.

██ The Government also contends that plaintiff waived her right to oppose a lien when her counsel in the first action requested the Government to divide the lien between the two lawsuits. The Court must begin by strongly condemning the attorney's conduct since it was nothing more than an unauthorized attempt to protect his contingency fee. Yet, as far as plaintiff is concerned, counsel in the first action had no right to prejudice plaintiff's claim in the second case without express authority. Moreover, the September 19, 1978, letter is nothing more than a request by the attorney; it certainly cannot be construed as a waiver. Thus, the Government cannot be subrogated to plaintiff's claims in the case at bar and must pursue the plaintiff in a separate proceeding. Moreover, it may well be that if the Government is successful, then plaintiff might have a meritorious action against her attorney in the first action to recover that portion of the contingency fee which should have gone towards the workmen's compensation lien.

366

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motions of the Government to intervene as a party defendant and for summary judgment be, and the same are hereby, DENIED.