BARBARA CLAXTON and ALVIN CLAXTON, Plaintiffs

v.

LOUIS V. VICK and GORDON M. JONES, d/b/a AMERICAN
CARPET SERVICE, ST. CROIX–BY–THE–SEA, a joint
venture; ST. CROIX HOTEL CORPORATION, and BUCK
ISLAND DEVELOPMENT CORPORATION (formerly known
as PRINAIR HOTEL CORPORATION OF ST. CROIX),
Defendants

Civil No. 1980-121

District Court of the Virgin Islands

Div. of St. Croix

February 11, 1981

JEFFREY RESNICK, ESQ. (JAMES & RESNICK), Christiansted, St. Croix, V.I., *for plaintiffs*

JOEL HOLT, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

DAVID O'BRIEN, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for defendant American Carpet Service*

RICHARD E. DALEY, ESQ. (ISHERWOOD, BARNARD & DIEHM), Christiansted, St. Croix, V.I., *for defendant St. Croix Hotel Corporation*

FREDERICK WATTS, ESQ. (LOUD, WATTS & MURNAN), St. Thomas, V.I., *for defendant Buck Island Development Corporation*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on the motions for summary judgment of defendants St. Croix Hotel Corporation and Buck Island Development Corporation. Fed. R. Civ. P. 56. Their motions will be granted.

On March 19, 1979, Barbara Claxton tripped on a piece of loose carpeting at St. Croix By-The-Sea Hotel, and as a result, fell and sustained various alleged injuries. On the date of the accident, Mrs. Claxton was employed as head housekeeper for the St. Croix By-The-Sea Hotel, a joint venture comprised of St. Croix Hotel Corporation and Buck Island Development Corporation.

██ Defendants St. Croix Hotel Corporation and Buck Island Development Corporation argue that the case against them should be dismissed, contending that under the Virgin Islands Workmen's Compensation statute all actions against an insured employer are barred if the employee's injuries are compensable. 24 V.I.C. § 284.[1] They also note that although the joint venture entity, St. Croix By-The-Sea Hotel, was the employing unit, all members of the joint venture are considered to be the "employer" for the purposes of workmen's compensation. The workmen's compensation insurance policy carried by St. Croix Hotel Corporation inures to the benefit of

---

[1] 24 V.I.C. § 284 provides the following:

"§ 284 *Exclusiveness of remedy*

When an employer is insured under this chapter, the right herein established to obtain compensation shall be the only remedy against the employer, but in case of accident to, or disease or death of an employee not entitled to compensation under this chapter, the liability of the employer is, and shall continue to be the same as if this chapter did not exist."

both the joint venture entity and its individual members, and thus bars tort suits against all entities for compensable injuries. See, e.g., Conner v. El Paso Natural Gas Co., 599 P.2d 247, 249 (Ariz. 1979); Insurance Co. of North America v. Dep't. of Industry, 173 N.W.2d 192 (Wis. 1970). Therefore, the defendants conclude, as "there is no genuine issue as to any material fact," Fed. R. Civ. P. 56(c), summary judgment in their favor would be appropriate, plaintiff Barbara Claxton having received workmen's compensation awards for her injuries.

██ The plaintiffs oppose the granting of summary judgment on two grounds. Firstly, they argue that there is a genuine issue of fact as to whether the joint venture controlled the premises of St. Croix By-The-Sea Hotel at the time of the alleged accident. As proof of this contention, the plaintiffs have offered an affidavit by plaintiff Barbara Claxton which states that she thinks that the joint venture transferred control of the St. Croix By-The-Sea Hotel prior to her alleged injury, but that she wasn't sure of the fact. However, subsequent to the submission of the affidavit, the defendants provided the Court with a copy of the "Agreement with Respect to Termination of Joint Venture." That agreement, dated March 21, 1979, states that the termination date for the joint venture was to be at midnight, March 31, 1979. This documentary evidence conclusively establishes that the joint venture was the plaintiff's employer on the date of the alleged accident, March 19, 1979. Thus, there is no issue of fact remaining.

Secondly, the plaintiffs argue that even if there are no factual questions, the law nevertheless dictates that summary judgment be denied with regard to plaintiff Alvin Claxton's claims for loss of consortium and services. The plaintiffs argue that although 24 V.I.C. § 284 prohibits a covered employee from suing his employer, it is silent as to whether a family member can sue the employer for a loss of consortium, companionship and services. The plaintiffs urge the Court to interpret this silence as sanctioning suits brought by the relatives of an injured employee. In advancing this contention plaintiff Alvin Claxton relies on a Massachusetts case, Ferriter v. Daniel O'Connell's Sons, Inc., 381 Mass. 507, 413 N.E.2d 690 (1980).

██ This Court declines to adopt the plaintiff's position as we consider the Massachusetts precedent to be inapplicable. The Massachusetts "exclusive remedy" statute is more narrowly drawn than is the Virgin Islands statute. Under the former, the employee who obtains workmen's compensation only waives his common law rights

339

to sue. Mass. Gen. Laws ch. 152, § 24. The Virgin Islands statute, on the other hand, broadly cuts off any right to go against the employer, as it provides that workmen's compensation "shall be the only remedy against the employer." 24 V.I.C. § 284. Statutes in other jurisdictions, similar to that of the Virgin Islands, have been interpreted with "near-unanimity" to bar suits by the spouses of injured workers for loss of services and consortium. 2A A. Larson, Workmen's Compensation § 66.20 (1976 & Supp. 1980). 24 V.I.C. § 284 shall be similarly interpreted.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motions for summary judgment of St. Croix Hotel Corporation and Buck Island Development Corporation be, and the same is hereby, GRANTED.