**VIRGIN ISLANDS TELEPHONE CORPORATION, Petitioner**

**v.**

**RICHARD M. UPSON, Commissioner of Labor, Respondent**

Civil No. 81-365

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 6, 1982

CHARLES S. BOLZ, ESQ. (Law Offices of EDITH L. BORNN), St. Thomas, V.I., *for petitioner*

ELBERT G. BENNETT, Assistant Attorney General (Department of Law), St. Thomas, V.I., *for respondent*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on review of a final order affirmed of the Commissioner of Labor, entered on October 9, 1981. 24 V.I.C. § 256(c), 5 V.I.C. §§ 1421–1423, 5 V.I.C. App. V, Rule 11.

Claimants are VITELCO operators who alleged that, on various occasions, loud screeching noises came through their headsets which caused various symptoms such as pain, ringing in the ears, headaches, sore throats, nausea and dizziness. They requested payments for their medical expenses and for alleged periods of disability ranging from three days to three weeks. None of the claimants submitted objective medical evidence establishing specific injury. The Deputy Commissioner of Labor found that the alleged injuries were covered under the Workmen's Compensation Act, 24 V.I.C. §§ 251–285 (the Act), and awarded claimants both medical expenses and disability benefits. The employer, VITELCO, then requested a hearing, which request was granted. On September 30, 1981, the Deputy Commissioner issued his decision in final order 2731-1981, dated September 29, 1981, denying the request by VITELCO that the disability awards be set aside. The final order was affirmed by the Commissioner of Labor on October 9, 1981. VITELCO then sought a writ of review in this Court. The said writ was issued on October 28, 1981.

■■ First we must set out the correct standard of review for the Court in reviewing a worker's compensation case. As in all such administrative matters, the Court has authority to review all questions of law. 3 Larsen's Workmen's Compensation Law § 80.10 (1976). As to the review of factual determinations by the Commissioner, 24 V.I.C. § 256(c) dictates that "the findings of the Commissioner as to facts, if supported by substantial evidence, shall be conclusive."

Petitioner urges reversal of the Commissioner's decision arguing that the Commissioner made legal errors and that his findings are not supported by "substantial evidence". Specifically, petitioner argues: (1) that the burden of proof was placed improperly on the employer, VITELCO; (2) that the standard with which that burden was to be met was improperly imposed as being "beyond a reasonable doubt"; (3) that the claimants did not meet the requirements of § 254(c) of the Act which requires that any income benefits for temporary total disability shall be paid only as "supported by medical evidence"; and (4) that the decision of the Commissioner was not supported by "substantial evidence".

■■ As to the burden of proof in making a worker's compensation claim it is clear that "the burden of proving his case beyond speculation and conjecture is on the claimant." 3 Larsen's Workmen's Compensation Law § 80.33. This burden should not be "beyond a reasonable doubt" but by the "preponderance of the evidence" standard of civil cases. From the record, it appears that once the claimants set forth a prima facie case, the Deputy Commissioner then put the burden of proof on petitioner VITELCO to show that the alleged injuries could not have occurred or were not work related. While this burden shifting might be proper in a case involving obvious medically quantifiable injuries, it is not at all appropriate in a case where the alleged injury is wholly subjective and where the evidence of injury comes, for the most part, from the testimony of the claimants themselves. In such a case, the burden of proof should remain on the claimant to show, by a preponderance of the evidence, that he has suffered a compensable injury. We think the Commissioner erred in this respect. Accordingly the case will be remanded for a new hearing. The burden of proof to be applied on remand shall be as directed herein.

Because we remand the case on this error of law, there is no need to reach the other challenges advanced by plaintiff.