**Alphonso CHINNERY**

v.

**GOVERNMENT OF the VIRGIN ISLANDS, Appellant.**

**No. 87–3816.**

United States Court of Appeals,
Third Circuit.

Argued Dec. 8, 1988.

Decided Jan. 12, 1989.

Clarence A. Martin, Jr. (argued), Michael W.L. McCrory, Dept. of Justice, Charlotte Amalie, St. Thomas, U.S. Virgin Islands, for appellant.

Iver A. Stridiron (argued), Law Firm of Iver A. Stridiron, Charlotte Amalie, St. Thomas, U.S. Virgin Islands, for appellee.

Before GREENBERG, SCIRICA, and WEIS, Circuit Judges.

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I.

Defendant, Government of the Virgin Islands, appeals from the district court's judgment of October 23, 1987 awarding damages of $17,500 to plaintiff Alphonso Chinnery. We have jurisdiction under 28 U.S.C. § 1291. While the judgment from which the Government appeals was rendered after a nonjury trial, the facts in this

case are not in dispute. Thus, we are concerned only with the interpretation and application of legal precepts and our review is plenary. *United States v. Adams,* 759 F.2d 1099, 1106 (3d Cir.), *cert. denied,* 474 U.S. 906, 971, 106 S.Ct. 275, 336, 88 L.Ed.2d 236 (1985).

## II.

The facts are as follows. On May 13, 1983, Chinnery, a truck driver employed by the Government in the Division of Solid Waste of the Department of Public Works, was driving a garbage truck accompanied by his daughter. He had completed one run to pick up garbage. At that time Chinnery was stopped by his supervisor, Roan Creque,[1] who told him to go to another place to pick up other garbage. Creque then verbally reprimanded him for violating a departmental rule against allowing unauthorized riders in garbage trucks, and for being out of uniform. As Chinnery drove away, Creque slipped into the street gutter, perhaps after being struck by the side mirror of the truck. After Chinnery stopped the truck, Creque approached it, struck Chinnery several times, apparently through the open driver's side window, and, when Chinnery alighted from the truck, threatened to shoot him with a pistol which he had drawn.[2]

As a result of Creque's assault, Chinnery suffered a cerebral concussion, headaches, dizziness, lacerations, and bruises, as well as a nervous disorder. Consequently, he missed one week of work and also allegedly retired approximately one-half year earlier than he had planned.[3]

On November 22, 1983, Chinnery filed a complaint against the Government under the Virgin Islands Tort Claims Act, V.I. Code Ann. tit. 33, §§ 3401–16 (1967 & Supp. 1987). He alleged that the Government

was "grossly negligent" in recruiting, hiring and training Creque and permitting him to work for the Government, since it "knew, should have known, or was negligent for not knowing of [Creque's] violent and dangerous temperament," and that the Government's "various negligent acts" resulted in Chinnery's alleged injuries, which were directly caused by Creque's "wanton and malicious conduct." On April 27, 1985, the Government filed a motion to dismiss, or, in the alternative, for summary judgment, based primarily on the exclusive remedy provision, § 284(a), of the Virgin Islands Workmen's Compensation Act, V.I. Code Ann. tit. 24, §§ 251–85, (1970 & Supp. 1987) [hereinafter WCA], and also on the fellow servant rule. The exclusive remedy provision is as follows:

> [w]hen an employer is insured under this chapter, the right herein established to obtain compensation shall be the only remedy against the employer; but in case of accident to, or disease or death of, an employee not entitled to compensation under this chapter, the liability of the employer is, and shall continue to be the same as if this chapter did not exist.

This motion was denied by the district court in an order of September 12, 1985.

At the trial only Chinnery called witnesses. In its Memorandum and Order, dated October 23, 1987, deciding the case following the trial, the district court rejected Chinnery's negligent recruitment, hiring and training claims, but found that the Government had negligently retained Creque "after learning of his violent disposition." The court held that Chinnery could not recover under the WCA for injuries he suffered as a result of this negligent retention but that he was entitled to a recovery under the Tort Claims Act. Damages were fixed at $17,500.

---

**1.** Creque's title is given variously in the record as Assistant Director of Sanitation, Assistant Director of Solid Waste, and Director of Sanitation.

**2.** Chinnery's counsel asserted during the district court trial that Creque was convicted of assault and battery in the Territorial Court of the Virgin Islands in October, 1983.

**3.** The Government has apparently accepted the district court's finding that Chinnery actually suffered injuries which were proximately caused by Creque's conduct, at the time and place indicated in Chinnery's complaint.

The Government has appealed. While it does not contend that it was not negligent in retaining Creque, it urges that the judgment of the district court should be reversed and the complaint dismissed as WCA § 284(a) provided the exclusive remedy to Chinnery for his injuries. We have concluded that the Government is correct and the district court's judgment must be reversed and the action dismissed.

## III.

The WCA, as other workers compensation legislation, is designed to "provide prompt payment of benefits without regard to fault; and to relieve employers and employees of the burden of civil litigation." *Champlain Cable Corp. v. Employers Mutual Liab. Ins. Co.*, 479 A.2d 835, 840 (Del.1984). *See also Wilson v. Asten–Hill Mfg. Co.*, 791 F.2d 30, 32 (3d Cir.1986); *Dudley v. Victor Lynn Lines, Inc.*, 32 N.J. 479, 484, 161 A.2d 479, 484 (1960); *Wilson v. Faull*, 27 N.J. 105, 116, 141 A.2d 768, 774 (1958). Courts construe the provisions of workers' compensation statutes liberally in favor of employees to allow recovery for injuries in order to accomplish this underlying legislative purpose. *See Carmona v. de Jongh*, 157 F.Supp. 540, 542 (D.V.I. 1958); *Torres v. Trenton Times Newspaper*, 64 N.J. 458, 461, 317 A.2d 361, 362 (1974).

▮ When an employee's injury is compensable under a workers' compensation statute, by reason of exclusive remedy provisions, such as WCA § 284(a), the employer is not liable for negligence at common law. *See Claxon v. Vick*, 18 V.I. 337, 340 (D.V.I.1981); *Tremonte v. Jersey Plastic Molders, Inc.*, 190 N.J.Super. 597, 600, 464 A.2d 1193, 1195 (App.Div.1983); *Jett v. Dunlap*, 179 Conn. 215, 217, 425 A.2d 1263, 1264 (1979); *see also* 2A A. Larson, *The Law of Workmen's Compensation* § 65.00 (1988) [hereinafter A. Larson]. Nor, of course, would an employer be liable under a statutory procedure permitting a recovery on negligence principles such as the Virgin Islands Tort Claims Act. Thus, we must ascertain whether Chinnery could have recovered for his injuries under the WCA.[4]

In order to be compensable under the WCA, Chinnery's injuries must have "aris[en] out of and in the course of his employment," § 252(a).[5] They must have also resulted in a harmful change to him. WCA § 251(a).

The courts of the Virgin Islands have interpreted the time and place causation requirements of § 252(a) in an "extremely broad" manner. *Jones v. James*, 17 V.I. 361, 364 (D.V.I.1980). Thus "the injury arises *out of* the employment if it arises out of either the nature, conditions, obligations, or incidents of the employment." *Hammer v. Workmen's Compensation Comm'n*, 2 V.I. 56, 67 (D.V.I.1945), *rev'd on other grounds*, 156 F.2d 402 (3d Cir. 1946) (emphasis added).[6] Clearly Chinnery's injuries met this test as the dispute with Creque was generated by Chinnery's use of the Government's garbage truck.

**4.** We will not consider herein whether Chinnery has lost that right by reason of the passage of time and his failure, if such is the case, to file a claim under the WCA. *See* WCA § 258. Obviously an employee by foregoing an exclusive remedy may not create another basis for recovery. It is possible, however, that even if a workmen's compensation proceeding might otherwise be barred as untimely, Chinnery's rights under the WCA may have been preserved by the bringing of this action. *See Moore v. Graybeal*, 843 F.2d 706, 711 n. 5 (3d Cir.1988); *Townsend v. Great Adventure*, 178 N.J.Super. 508, 517, 429 A.2d 601, 606 (App.Div.1981).

**5.** WCA § 252(a) provides, in pertinent part, that
[e]very employer shall pay compensation as hereinafter specified for the disability or death of an employee resulting from a personal injury or occupational disease arising out of and in the course of his employment, irrespective of fault as a cause of the injury or death.
WCA § 251(a) defines the Government as an "employer" under the Workmen's Compensation Act.

**6.** This test is similar if not identical, to the "positional risk," or "but-for," test adopted in other jurisdictions. *See Doe v. St. Michael's Medical Center*, 184 N.J.Super. 1, 7, 445 A.2d 40, 44 (App.Div.1982); 1 A. Larson §§ 6.00, 6.50 (1985). The *Hammer* case was based on an earlier version of workers' compensation law in the Virgin Islands.

Furthermore, since Chinnery was driving the truck during his assigned work tour, there is no doubt that his injuries occurred "in the course of employment." *See Tocci v. Tessler & Weis, Inc.*, 28 N.J. 582, 586, 147 A.2d 783, 785 (1959). Nor is there any doubt that these personal injuries comprised the sort of "harmful change in the human organism" required for compensability by WCA § 251(a) and § 252(a). *See* 1B A. Larson §§ 42.00, 42.10 (1987). Thus, Chinnery had a remedy against the Government under the WCA for the injuries he suffered as a result of Creque's attack.

It does not matter that Creque's actions were intentional. An assault may arise out of and in the course of employment. *See Sands v. Union Camp Corp.*, 559 F.2d 1345, 1347–48 (5th Cir.1977) (applying Georgia law); *Brown v. Winn–Dixie Montgomery, Inc.*, 469 So.2d 155, 158 (Fla.App.1985). The assault here was not the product of personal animosity "extraneous to the work environment." *See Williams v. Munford, Inc.*, 683 F.2d 938, 939 (5th Cir. 1982).

In arriving at its judgment, the district court concluded that "Chinnery's cause of action is framed in terms of a non-physical tort, negligent retention, even though physical injuries resulted from his employer's negligence.... [and] the tort of negligent retention of an incompetent employee is not insurable under our workmen's compensation statute."[7] For this conclusion the district court relied on *Robinson v. Hess Oil Virgin Islands Corp.*, 19 V.I. 106, 109 (D.V.I.1982), which indicated that "the exclusive remedies bar [WCA § 284(a)] may not be interposed where the injuries complained of are the result of an intentional wrong or ... are not of the type which are injurable or compensable under the" WCA. We, however, are unable to relate *Robinson* to this case. There the court held that an employee's action against an employer arising from an allegedly wrongful termination and asserting claims for defamation, emotional distress and breach of contract were not barred by the exclusivity provisions of the WCA. We do not see how such a case has any precedential value in a case where an employee is physically injured on the job.

In any event we cannot accept the judge's conclusions. While it is true that the Government did not directly physically injure Chinnery, it is apparent that Chinnery suffered physical injury which did arise out of and in the course of his employment. Chinnery's attempt to categorize his injury as nonphysical does not change our conclusion. *Mergenthaler v. Asbestos Corp. of America*, 480 A.2d 647, 650 (Del.1984); *see* 2A A. Larson §§ 68.30, 68.34(a) (1988). Nor does it matter that Chinnery also suffered mental or nervous injuries. While the judge was undoubtedly correct that the tort of negligent retention of an incompetent employee is not covered by the WCA, that is not the issue in this case. An employee does not recover under the WCA for a tort. He receives compensation because he suffered an injury arising out of and in the course of employment. There is no more an exception to his right to a recovery by reason of the fact that the injuries were inflicted by another employee negligently retained by the employer than there are exceptions for injuries caused by other acts of negligence of the employer such as failing to supply a safe place to work or failing to train the employee adequately.

We also point out that the conduct of the Government cannot possibly be regarded as so egregious as to exceed the bounds of negligence and constitute the sort of intentional wrongdoing necessary to comprise an exception to the exclusive remedy provision of WCA § 284(a). *See Johnson v. Mountaire Farms of Delmarva, Inc.*, 305 Md. 246, 253, 503 A.2d 708, 712 (1986); *Millison v. E.I. du Pont de Nemours & Co.*, 101 N.J. 161, 162, 501 A.2d 505, 506, 514 (1985). Further, Creque's conduct in assaulting Chinnery cannot be

---

**7.** The court in *Brown v. Winn–Dixie Montgomery, Inc.*, 469 So.2d at 157, in dictum, specifically stated that an employee's action against an employer based on the negligent retention of a dangerous employee would be barred by the exclusivity provision of the applicable workers' compensation statute.

imputed to the Government since Creque was not acting as the Government's alter ego, nor was his misconduct intentionally directed or authorized by the Government. *See Perille v. Raybestos–Manhattan–Europe, Inc.*, 196 Conn. 529, 532–533, 494 A.2d 555, 557–58 (1985); *Schatz v. York Steak House Systems, Inc.*, 51 Md.App. 494, 497, 444 A.2d 1045, 1047 (1982); *Brown v. Winn–Dixie Montgomery, Inc.*, 469 So.2d at 157; *see also* 2A A. Larson §§ 68.00, 68.21 (1988).

### IV.

Inasmuch as Chinnery's negligence action is barred by the exclusivity provision of the WCA, § 284(a), the district court's judgment of October 23, 1987, will be reversed, and the matter will be remanded to the district court for entry of a judgment in favor of the Government dismissing the complaint.