# DIANA ARTS-BERMUDEZ, Petitioner
## v.
# COMMISSIONER OF LABOR, GOVERNMENT OF THE VIRGIN ISLANDS

Civil No. 878/1993

Territorial Court of the Virgin Islands

Div. of St. Croix, at Kingshill

February 6, 1995

RONALD E. RUSSELL, ESQ., Frederiksted, V.I., *for petitioner*

ROSALIE S. BALLENTINE, ESQ., (Virgin Islands Attorney General, Department of Justice), Christiansted, V.I., *for respondent*

CABRET, *Judge*

## MEMORANDUM OPINION

This is an action seeking judicial review of the Commissioner of Labor's denial of Petitioner's claim for Workmen's Compensation benefits. This Court has jurisdiction over this matter by virtue of Title 24 Virgin Islands Code, § 256(c). The Court has reviewed the briefs submitted by the petitioner and respondent and the record submitted by the Department of Labor.

It is the decision of this Court that the determination of the Commissioner is contrary to the law and therefore, must be reversed.

## SCOPE AND STANDARD OF REVIEW

In reviewing an agency decision, the court is limited to review of the Commissioner's findings to ascertain whether or not they are based upon substantial evidence. Bermudez v. Government, 9 V.I. 385 (D.C.V.I. 1973). The Commissioner's findings of fact are conclusive if so supported. VITELCO v. Upson, 19 V.I. 263 (D.C.V.I. 1982). The Commissioner's interpretations of law, however, are subject to full judicial review. Id.

## THE FACTS

The facts in this case are not in dispute. The petitioner was, at all pertinent times, employed by the Department of Education as a Physical Education Teacher at the Elena Christian Junior High School. On February 9, 1993, after mowing the school yard so she could conduct classes there, petitioner sought and received permission from her principal, Ms. Carolyn Y. Brown, to drive home in her personal vehicle in order to shower and change. While

enroute, petitioner was involved in a head-on collision and sustained injuries which required her to be absent from work until April 30, 1993.[1]

Petitioner applied for Workmen's Compensation benefits on April 16, 1993. This exceeded by six days the sixty-day statutory limit for filing claims contained in Title 24 Virgin Islands Code, § 258. The claim was denied on May 11, 1993 and upheld following an informative conference on June 18, 1993. A written Decision on the Merits was issued on September 30, 1993 which, by its own terms, became a final order twenty days after it was received by the petitioner on October 8, 1993. A petition for writ of review was filed with this Court on October 29, 1993.

The Commissioner announced two bases for his decision. First he states that the late filing of the claim, alone, justifies a denial of the application. The second basis for his denial of benefits is the "to and from work" section of the Virgin Islands Code. V.I. Code Ann. tit. 24, § 252(a) (1994).

### THE 60 DAY FILING DEADLINE

■ The Commissioner accepted the claim despite the statute of limitations problem because, he stated, he felt that the lateness of the claim should not be a bar to an opportunity to be heard due to the statutory authority given him to extend the time limit for good cause shown. The Commissioner, is accepting the claim, was acting within his statutory authority and as such, waived the 60 day limit in this case. The statute of limitations cannot be raised at this late date to bar recovery. In that regard, there is no basis in law for the denial of benefits on that ground.

### ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT

■ The right to compensation for a personal injury is found in the Workmen's Compensation Act at section § 252(a) of title 24 of the Virgin Islands Code. The operative language from which eligibility derives is "injury. . .arising out of and in the course of his employment. . ." Id. Hence, whether or not Petitioner was

---

[1] She was on sick leave until March 5, 1993. The balance of her leave was without pay.

travelling to and from home as part of her regular commute is not the controlling question. The pertinent inquiry is whether the injury arose out of and in the course of her employment. The "to and from work" provision to which the Commissioner refers is also found in Title 24 at Section 252(a). This section states that injuries which occur as a result of travel directly to and from work, immediately before and after the work day, are considered to have arisen out of and in the course of employment. The legislative history indicates that this provision was added in 1970. The law prior to that date deemed such travel not on compensable time.[2] Clearly this amendment was intended to have an expansive, rather than limiting, effect on the definition of under what circumstances an employee can suffer a compensable injury. The Commissioner's reliance on the simple fact that Petitioner's travel related injury did not occur during her daily commute is misplaced. The Commissioner's decision further states that "there is no legal provision for coverage, otherwise, outside the employer's premises and away from the employer's control, during working hours except for an authorized break to travel "to and from an eating place." Commissioner's Decision on the Merits, p. 2. This statement is simply not in accord with the law.

█ "The courts of the Virgin Islands have interpreted the time and place causation requirements of § 252(a) in an 'extremely broad' manner." Jones v. James, 17 V.I. 361, 364 (D.C.V.I. 1980). The Third Circuit Court of Appeals stated that an injury arises out of the employment if it arises out of either the nature, conditions, obligations, or incidents of employment. Chinnery v. Government of the Virgin Islands, 865 F.2d 68 (3rd Cir. 1989). In Chinnery, the Court applied this definition to find compensable an injury suffered by the driver of a garbage truck who was struck several times by his supervisor after being verbally reprimanded. The breadth of the manner in which the time and place requirements have been treated was evident as early as 1945. In Hammer v. Workmen's Compensation Comm'n, 2 V.I. 56 (D.C.V.I. 1945), the court held a worker who is on call 24 hours a day is in the course of employment continuously. That court cited with approval a New

---

[2]See, 1 V.I.Op.A.G. 288 and 2 V.I.Op.A.G. 343.

Hampshire case which held that "if the work of the employee creates the necessity for travel, he is in the course of the employment, though he is serving at the same time some purpose of his own". Donovan v. Worsted Mills, Inc., 90 N.H. 450, 10 A.2d 456 (1940). In the case at hand, Petitioner, whose clothes were soiled as a result of service to her employer, was given permission by her employer to go home to shower and change and then return directly to school so that she could properly perform her other duties. Her injury plainly arose out of the conditions, obligations, or incidents of her employment. Therefore, the fact that she was not travelling to or from work as a part of her regular commute does not justify the denial of workmen's compensation benefits.

## CONCLUSION

The Commissioner's denial of workmen's compensation benefits in this case was not based on a proper interpretation of the law. Since there is no legal basis for the denial of benefits, this case is remanded to the Department of Labor for further proceedings not inconsistent with this opinion.   ·

## ORDER

THIS MATTER is before the Court on a Petition for Writ of Review. In accordance with the Memorandum Opinion of even date, it is hereby

ORDERED that the September 30, 1993 decision of the Commissioner of Labor denying Worker's Compensation benefits to plaintiff is hereby REVERSED; and it is further

ORDERED that this matter is remanded to the Department of Labor for computation of benefits in accordance with Virgin Islands Code Annotated, tit. 24, section 254 *et seq.* (1993).