**AVANDALE ROBINSON, Plaintiff**

v.

**HESS OIL VIRGIN ISLANDS CORP., and STEVEN R. SCHUTT, INC., Defendants**

Civil No. 80-35

District Court of the Virgin Islands

Div. of St. Croix

May 3, 1982

JOEL H. HOLT, ESQ. (HOLT AND GRONER), Christiansted, St. Croix, V.I., *for plaintiff*

R. ERIC MOORE, ESQ., RICHARD KEELING, ESQ., Christiansted, St. Croix, V.I., *for defendant Steven Schutt, Inc.*

GEORGE S. ELTMAN, ESQ. (BRYANT, LENAHAN & ELTMAN), Christiansted, St. Croix, V.I., *for defendant Hess Oil Corp.*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This action is before the Court on the motions of defendant Hess Oil Virgin Islands Corporation (HOVIC) to dismiss Fed. R. Civ. P. 12(b)(6) and to strike, Fed. R. Civ. P. 12(f) and on the motion of plaintiff for partial summary judgment. Fed. R. Civ. P. 56(c).

The present action arises out of the termination of plaintiff's at-will employment agreement by defendant HOVIC. Plaintiff alleges that by authorizing a negligently conducted polygraph examination of him and by using the results of that examination as the basis for his discharge the defendant employer committed an intentional tort (wrongful discharge) and also breached its implied contractual obligation of "good faith" and "fair dealing". By the terms of his amended complaint plaintiff sets forth counts against HOVIC alleging libel, slander, reckless infliction of emotional distress, as well as tortious discharge and breach of contract. Plaintiff seeks monetary recovery and reinstatement to his former position.

### (A) *HOVIC'S Motion To Dismiss*

Defendant HOVIC urges that the amended complaint be dismissed on one or more at the following grounds: (1) HOVIC is immune from suit by a discharged employee because of the exclusive remedies afforded by Virgin Islands Workmen's Compensation law; (2) wrongful (or tortious) discharge is not a claim cognizable under Virgin Islands law; and (3) no genuine issue of fact exists in

the record to support plaintiff's breach of contract and duty of fair dealing claim. These three arguments will be discussed seriatim.

(1) *Exclusively of Remedy Under the Workmen's Compensation Law*

■ Defendant correctly states the long settled rule that under an applicable statutory workmen's compensation scheme, an injured employee must forego his or her common law remedies in lieu of the exclusive remedies afforded by statute. Etienne v. Island Gas Co., 1978 St. X. Supp. 383 (D.V.I. 1978). However, the exclusive remedies bar may not be interposed where the injuries complained of are the result of an intentional wrong or more generally, are not of the type which are insurable or compensable under the statute.

■ In the instant case, plaintiff's six counts either contain elements of intentional wrongs or seek redress for injuries which would not be compensable injuries under the Virgin Islands Workmen's Compensation Act. The preliminary test of whether the exclusive remedies of workmen's compensation apply is whether the injuries complained of fit within the definition of "injury" set forth in the statute, namely, "harmful change[s] in the human organism." 24 V.I.C. § 251(a) (1981). A defamation claim is clearly among both the intentional and the nonphysical torts which are not insurable under the Workmen's Compensation law. This may be so even when (in contrast to the present case) a physical injury or ailment is alleged in conjunction with the defamatory acts. Braman v. Walthall, 252 S.W.2d 342 (Ark. 1949). Similarly, claims such as reckless infliction of emotional distress or those relating to loss of employment are not in themselves related to the type of injuries covered by the Virgin Islands workmen's compensation scheme. Cf. Sullivan v. United States, 428 F.Supp. 79, 81 (E.D. Wis. 1977) (types of injuries covered by and subject to the exclusive remedy provision of federal employees compensation act, 5 U.S.C. § 8101, do not include claims for injury by discrimination, mental distress or loss of employment).

■ In short the injuries alleged by plaintiff in this action either fall outside the definition of "injury" set forth in 24 V.I.C. § 251(a) or are otherwise outside the purview of the work-related injuries compensable under the Act. Accordingly the Virgin Islands Workmen's Compensation Act does not preclude plaintiff from pursuing any of the common law counts set forth in the amended complaint.

## (2) *The Tortious Discharge Claim*

Defendant HOVIC argues (as it did in opposition to plaintiff's motion to amend) that under Virgin Islands law there is no cognizable cause of action for wrongful or tortious discharge of an at-will employee, and that therefore Count VII of the amended complaint should be dismissed. Plaintiffs have persistently countered by relying upon Perks v. Firestone Tire and Rubber Co., 611 F.2d 1363 (3rd Cir. 1979) for the proposition that a prima facie action for wrongful employment discharge will lie where the discharge is alleged to have contravened the "clear mandate" of an applicable public policy.

The Court in Perks reversed a grant of summary judgment entered in favor of the defendant-employer and held that the dismissal of an at-will employee which resulted from his refusal to submit to a polygraph examination gave rise to a cause of action under Pennsylvania law for tortious discharge. Prior to Perks, the Pennsylvania Supreme Court had joined the increasing number of state courts which have modified the common law doctrine that an employer may unilaterally terminate an employment relationship for any reason when the employment is at will. In Geary v. United States Steel Corp., 456 Pa. 171, 184, 319 A.2d 174, 180 (1974), the court stated as follows:

> It may be granted that there are areas of an employee's life in which his employer has no legitimate interest. An intrusion into one of these areas by virtue of the employer's power of discharge might plausibly give rise to a cause of action, particularly where some recognized facet of public policy is threatened.[1]

In Perks the "recognized facet of public policy" found by the Court to have been "threatened" by the plaintiff's discharge was a Pennsylvania criminal statute proscribing the use of polygraph tests by employers. Defendants in the instant action argue that since the Virgin Islands has no statute (criminal or otherwise) regulating the use of employer polygraph examinations the Perks opinion is inapplicable. However while the absence of an applicable statute may be a persuasive factor in determining whether any public policy is implicated,[2] it by no means forecloses an inquiry into whether a

---

[1] Although the Court recognized the existence of a wrongful discharge cause of action, it refused to find one of the facts presented.

[2] In Greene v. Amerada Hess Corporation, 612 F.2d 212, 214 (5th Cir. 1980), the Court applying Mississippi law, held that the "absence of [an] explicit statutory . . . civil remedy [for an employee discharged for pursuing his or her workers' compensation rights] . . . argues against recognizing a cause of action for retaliatory dis-

110

cause of action will be recognized in this jurisdiction for wrongful discharge under the circumstances alleged in plaintiff's complaint.[3] Indeed, several of the states which have held wrongful discharge to be a cognizable cause of action have done so in the absence of any relevant prohibitory statute or statutory remedy. See Cloutier v. Great Atlantic & Pacific Tea Co., 436 A.2d 1140, 1144 (N.H. 1981) (discharge of managerial employee for refusal to order other employees into a hazardous environment actionable even in absence of "a public policy enunciated in a statute", the court holding that "[p]ublic policy exceptions giving rise to wrongful discharge actions may . . . be based on non-statutory" as well as statutory policies); Reuther v. Fowler & Williams, Inc., 386 A.2d 119, 120 (Pa. Super. 1978) (discharge of employee for reporting for jury service actionable because "jury duty [is] of the highest importance to our legal process"); Ness v. Hocks, 536 P.2d 512 , 514–15 (Or. 1975) (discharge of employee for reporting for jury service actionable because of the "important interest of the community" in jury duty); Monge v. Beebe Rubber Co., 316 A.2d 549, 551 (N.H. 1974) ("termination of a contract of employment motivated by bad faith or malice or based on retaliation [actionable in absence of statutory remedy because it] is not in the best interest of the economic system or the public good and constitutes a breach of the employment contract"); Frampton v. Central Indiana Gas Co., 297 N.E.2d 425 (Ind. 1973) (retaliatory discharge for filing a workers' compensation claim actionable in the absence of statutory remedy).

■ While plaintiff may not ultimately prevail in the present action, we conclude that his claim for tortious discharge, regardless of the absence of an applicable statute states a claim upon which relief may be granted. Accordingly the motion to dismiss Count VII of the amended complaint will be denied.

---

charge." But see Frampton v. Central Indiana Gas Co., 297 N.E.2d 425 (Ind. 1973).

[3] One commentator has stated the following view:

While [the] debate over the judicial standard reflects a broader debate in our society over the degree of independent intervention courts should exercise in relation to legislative action, my own view is that the great variety of employment settings . . . makes it very difficult to imagine 50 states specifying by legislation every context of improper dismissal. Therefore, I would favor a common-law rule that allows the courts to apply legislative declarations of public policy but not to be limited to those situations, and to have the power to apply general public policy considerations. A. Westin, Whistle-Blowing: Loyalty and Dissent in the Corporation (1981).

### (3) *Breach of Contractual Duty of Good Faith and Fair Dealing*

 Defendant argues for summary judgment in its favor on Count VIII of the amended complaint, which is grounded on a contract theory of recovery. It may be the case, that in order to establish a breach of the implied covenant of good faith in accordance with Restatement (Second) of Contracts § 205, the employee plaintiff will have to prove that the conduct of the employer amounted to "fraud, deceit or misrepresentation," A. John Cohen Insurance Co. v. Middlesex Insurance Co., 392 N.E.2d 862, 864 (Mass. App. Ct. 1979). The plaintiff-employee "should however be allowed to develop and have his case tested" at trial, Magnan v. Anaconda Industries, Inc., 429 A.2d 492, 494 (Conn. Super. 1980) (denying defendant-employer's motion for summary judgment on bad faith discharge claim) particularly where, as in the present case, there remain material issues of fact with respect to the express terms of plaintiff's employment agreement as well as the motivation of the defendant-employer in terminating that agreement. See, Maddaloni v. Western Massachusetts Bus Lines, Inc., 422 N.E.2d 1379 (Mass. App. Ct. 1981) (termination of employment at-will contract breached implied covenant of good faith under Restatement § 205 where discharge was for purpose of depriving employee enchanced compensation for past services).

We also decline to order a dismissal of the contract claim. While a contractual theory of recovery in the area of at-will employment dismissals may be novel (and one of first impression in this jurisdiction), it nevertheless has been recognized by a growing number of state courts. The Massachusetts courts for example, "have recognized an implied-in-law term of an at-will employment contract requiring good faith and fair dealing with respect to employment." McKinney v. National Dairy Council, 491 F.Supp. 1108, 1121–22 (D. Mass. 1980) citing Fortune v. National Cash Register Company, 364 N.E.2d 1251 (Mass. 1977). See, also, Monge v. Beebe Rubber Co., supra. The Court in Fortune, citing the Restatement of Contracts decided to:

> extend [] to employment contracts the rule that "in *every* contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract, which means that in *every* contract there exists an implied covenant of good faith and fair dealing" [emphasis supplied]. Uproar Co. v. National Broadcasting Co., 81 F.2d 373, 377 (1st

Cir.), cert. denied, 298 U.S. 670 . . . (1936), quoting from Kirke LaShelle Co. v. Paul Armstrong Co., 263 N.Y. 79, 87, 188 N.E. 163 (1933).

Id. at 1257.

██ Because plaintiff sets forth a prima facie cause of action for breach of the employer's implied obligation of good faith and fair dealing with respect to plaintiff's employment and any termination therefrom, the motion for dismissal of Count VIII of the amended complaint will be denied.

### (B) *Defendant's Motion To Strike Plaintiff's Prayer for Reinstatement*

██ Because reinstatement is a recognized remedy in accordance with both statutory employment claims as well as claims grounded on an employment contract, Restatement (Second) of Contracts § 367 comment b (1981), the motion to strike plaintiff's prayer for specific performance will be denied.

### (C) *Plaintiffs Motion for Summary Judgment*

Plaintiff has moved for summary judgment as to the tortious discharge aspect (Count VII) of his amended complaint on the basis of the collateral estoppel rule. Plaintiff argues that defendant HOVIC is precluded from asserting the propriety of employee polygraph tests because the issue of the probative value of such tests had been fully litigated in prior arbitration procedure to which defendant HOVIC was a party. In the Matter of the Arbitration Between Hess Oil Virgin Islands Corp. and United Steelworkers of America, Local 8526, FMCS No. 80K-24545 (Dec. 29, 1980) (Dyke, Arb.).

The arbitration proceeding relied upon by plaintiff involved a grievance filed by a HOVIC employee who, unlike plaintiff, was a member of the bargaining unit covered by the terms of the collective bargaining agreement between HOVIC and the Union. The grievance and the subsequent arbitration were conducted according to procedures set forth in that agreement. The grievant had been discharged for allegedly shutting down certain machinery at the company's refinery thereby threatening life and property. As part of its investigation into the incident HOVIC had administered a polygraph exam to the grievant similar to the one at issue in the present case. The results of the test were claimed to have been the basis for the discharge.

The arbitrator concluded that there was insufficient evidence to support a discharge for "just cause" as defined by the collective bar-

113

gaining agreement. He found that among other shortcomings in the employer's case[4] was its failure to demonstrate the reliability of both the procedures and results of the polygraph test. Moreover the arbitrator expressed doubts about whether the discharge was even "based on the findings of the polygraphic test." Id. Slip op. at 14.

██ ██ Assuming *arguendo* that the prior determination of a material issue in an arbitration setting would preclude its reassertion in the present lawsuit, it is an "unquestioned requirement" of the collateral estoppel rule that the issue in question in the prior action must be the same as that raised in the current action and "must have been necessary and essential to the resulting judgment." 1B Moore's Federal Practice ¶ 0.443 (1981). See, also, Peffer v. Bennett, 523 F.2d 1323 (10th Cir. 1975); Embry v. The Equitable Life Assurance Society, 451 F.2d 472 (10th Cir. 1971). We conclude that a prior determination that the employer's use of polygraph test did not meet the burden of proving "just cause" required to sustain a discharge under the collective bargaining agreement is separate and distinct from a determination of whether the administering of a polygraph test permits recovery in a common law action for wrongful discharge. While the question of the accuracy of such tests comes into play in both cases, it does so in two different contexts; the prior claim sought relief from the employer's determination that its investigation and subsequent discharge amounted to "just cause" as defined by the union contract, while the present claim seeks to impose liability in tort and/or contract for a discharge alleged to have violated public policy or otherwise made in bad faith. Because the nature of the conduct required to impose liability for the dismissal under the theories put forth in the present case is so unlike that required to allow reinstatement of a discharged bargaining unit employee under the terms of a union contract, the doctrine of collateral estoppel is not implicated in the present case, and therefore defendant is not precluded from raising issues pertaining to the interpretation and significance of the polygraph test results in question. Accordingly, the motion of plaintiff for a grant of summary judgment on Count VII of the amended complaint will be denied.

## ORDER

The premises considered and the Court being fully advised,

---

[4] The arbitrator's award relied on the failure of the employer to demonstrate a motive for the grievant to commit the intentional and "astronomical" act of sabotage as well as on the inherently incredible nature of the allegations.

IT IS ORDERED that the motion of defendant Hess Oil Virgin Islands Corp. to dismiss be, and the same is hereby DENIED;

IT IS FURTHER ORDERED that the motion of defendant Hess Oil Virgin Islands Corp. to strike be, and the same hereby, DENIED;

IT IS FURTHER ORDERED that the motion of plaintiff for partial summary judgment be, and the same is hereby, DENIED.