**IRMALEE PETERSEN, Plaintiff**

v.

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PUERTO RICO, INC., Defendant**

Civil No. 1983/364

District Court of the Virgin Islands

Div. of St. Croix

September 26, 1985

ALBERT A. SHEEN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

LINDA L. SHELBY, ESQ. (BIRCH, DEJONGH AND FARRELLY), St. Thomas, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on motion of defendant First Federal Savings Bank ("First Federal") to dismiss or, in the alternative, for summary judgment. We must decide whether plaintiff's complaint states a cause of action under the Labor Management Relations Act, 1947, 29 U.S.C. § 141 et seq., thereby vesting exclusive jurisdiction with the National Labor Relations Board, and depriving this Court of subject matter jurisdiction. First Federal also raises the issue of whether its conduct was so extreme as to constitute the tort of intentional infliction of emotional distress. As matters outside the pleadings are presented on this part of First Federal's motion, we will treat it as a motion for summary judgment. Fed. R. Civ. P. 12(b). For the reasons herein stated we will grant First Federal's motion in part and deny it in part.

Plaintiff Irmalee Petersen was employed by First Federal for 15 years. She served as manager of the Christiansted branch in St. Croix for nine of those years. She claims that her employment record was unblemished.

Petersen complained to First Federal that the Christiansted branch was understaffed, that an additional computer terminal was needed, and that the building needed renovations. When no measures were taken to rectify the situation, Petersen's six employees

refused to open the branch on November 18, 1981, until they could air their grievances with a First Federal officer from Puerto Rico. Upon meeting with certain First Federal officials, improvements were promised and the branch opened for business as usual the next day.

Then on December 29, 1981, Petersen was summoned to First Federal in Puerto Rico for a meeting. She was informed by Irving Rodriquez, an official of First Federal, that the board of directors were requesting her immediate resignation. Whereupon a letter of resignation was typed up and signed by Petersen.

On December 2, 1983, Petersen filed her complaint against First Federal in this Court. She claims that her dismissal 1) violated the requirement of good faith and fair dealing outlined in Restatement (Second) of Contracts § 205 (1981); 2) resulted in a breach of implied contract; 3) contravened the public policy stated in the Labor Management Relations Act, 1947, 29 U.S.C. § 141 et seq., and the Virgin Islands Labor Relations Law, 24 V.I.C. § 61 et seq., and 4) constituted outrageous and extreme conduct that inflicted severe emotional distress.

In its present posture before the Court, First Federal has moved to dismiss the complaint for lack of subject matter jurisdiction. First Federal claims that insofar as Petersen has stated a cause of action pursuant to §§ 7 and 8(a)(1) of the Labor Management Relations Act, 29 U.S.C. §§ 157, 158(a)(1), it is within the exclusive jurisdiction of the National Labor Relations Board. Further, Petersen's claim for breach of implied contract is pre-empted according to First Federal. Finally, First Federal argues that its conduct cannot be classified as extreme and outrageous so as to have inflicted emotional distress.

First Federal is correct in asserting that this Court would lack subject matter jurisdiction if Petersen alleges unfair labor practices. See generally R. Gorman, Labor Law at 7-9 (1976). Petersen claims that her complaint states causes of action for breach of contract, breach of good faith and fair dealing, and outrageous conduct, not unfair labor practices.

Title 29 U.S.C. § 157 insures the rights of employees to organize and engage in concerted activities for their mutual aid and protection.[1] Section 158(a)(1) states that an employer interfering with

---

[1] Title 29 U.S.C. § 157 provides:

§ 157. *Right of employees as to organization, collective bargaining, etc.*
Employees shall have the right to self-organization, to form, join, or assist labor

431

these rights is guilty of unfair labor practices.[2] It is imperative to note that these provisions do not apply to supervisors. See 29 U.S.C. § 152(3) (term "employee" shall not include any individual employed as a supervisor); Beasley v. Food Fair of North Carolina, 416 U.S. 653 (1973); NLRB v. Bell Aerospace Co., 416 U.S. 267 (1973); Howard Johnson Co. v. NLRB, 702 F.2d 1 (1st Cir. 1983); NLRB v. Yeshiva University, 582 F.2d 686 (2d Cir. 1978).

■■ Nonetheless, it is well established that an employer is guilty of unfair labor practices where the employer's actions toward a supervisor interfere with the employee's statutorily protected rights, and where the supervisor is dismissed for refusing to participate in unfair labor practices. Howard Johnson, supra, at 4; see generally R. Gorman, Labor Law at 34–35 (1976).

Pursuant to 29 U.S.C. § 152(11):

> (11) The term "supervisor" means any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

Accordingly, we find that Irmalee Petersen was a supervisor. She had the authority to direct, discipline, and fire the employees of the Christiansted branch. Deposition of Irmalee Petersen at 11–13, Sept. 28, 1984.

Having thus ruled, we must now decide whether First Federal's dismissal of Petersen violated the employee's rights or resulted from Petersen's refusal to participate in unfair labor practices. It is not completely clear why Petersen was dismissed. She claims that her

---

organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a)(3) of this title.

[2] Title 29 U.S.C. § 158(a)(1) provides:

§ 158. *Unfair labor practices*

(a) It shall be an unfair labor practice for an employer—

(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title;

work record was untarnished in the 15 years that she worked for First Federal. In her deposition, she states that Irving Rodriquez reminded her of the November 18th incident before requesting her resignation. Perhaps First Federal was disappointed with her handling of the situation.

There is no evidence whatsoever that the statutorily protected rights of First Federal's other employees were violated or that Petersen was asked to participate in unfair labor practices and refused. None of the employees were penalized for their failure to open the branch on November 18, 1981. In fact, all of the relief requested by Petersen was provided by First Federal after her dismissal.

■ We hold, therefore, that as a supervisor Irmalee Petersen was not protected by the Labor Management Relations Act and, exclusive jurisdiction over this cause of action is not vested in the National Labor Relations Board. Consequently, Petersen's claims for breach of good faith and fair dealing, breach of implied contract, and for infliction of emotional distress are not preempted by federal law.[3]

■ Petersen states a claim for breach of both her at-will employment contract and First Federal's duty of good faith and fair dealing. Pursuant to Restatement (Second) of Contracts § 205 (1981) "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." The steady trend of case law, commentators, and statutes has been to apply this rule to employment contracts terminable at will.[4] See, e.g., Lucas v. Brown & Root, Inc., 736 F.2d 1202 (8th Cir. 1984); Bruffett v. Warner Communications, Inc., 692 F.2d 910 (3d Cir. 1982) (Gibbons, J., dissenting); Smith v. Atlas Off-Shore Boat Service, Inc., 653 F.2d 1057 (5th Cir. 1981); Savadnik v. Korvettes, Inc., 488 F. Supp. 822 (E.D.N.Y. 1980); Fortune v. National Cash Register Co., 364 N.E.2d 1251 (Sup. Jud. Ct. Mass. 1977); Monge v. Beebe Rubber Co., 316 A.2d 549 (N.H. 1974).

■ When Robinson v. Hess Oil Virgin Islands Corp., 19 V.I. 106 (D.V.I. 1982), was decided the contractual theory of recovery in the

---

[3] We note that in Farmer v. United Brotherhood of Carpenters, 430 U.S. 290 (1976), the Supreme Court decided that the National Labor Relations Act does not preempt an action for intentional infliction of emotional distress.

[4] Traditionally, at-will employment contracts could be terminated by either party at any time without reason.

area of at-will employment dismissals was novel in this jurisdiction. The Court followed a growing number of courts recognizing this theory and denied the defendant's motion to dismiss. We follow Robinson and find that Petersen has set forth a prima facie cause of action for breach of the employer's implied obligation of good faith and fair dealing with respect to Petersen's employment and termination.

Finally, Petersen claims that First Federal's conduct was so extreme and outrageous that it inflicted severe emotional distress. This legal theory is predicated on Restatement (Second) of Torts § 46(1) (1965).[5]

In her deposition, Petersen alleged that the following facts constitute extreme and outrageous conduct. First Federal refused to comply with her demands for improvements to the Christiansted branch until after she was dismissed. Often, she was required to work late hours, until 11:30 or 12 o'clock at night, without assistance. Petersen had to walk between the Christiansted branch and another bank with large sums of money (sometimes up to $20,000). She had to use her personal car to pick up computer printout at the airport. She was not remunerated for overtime, and she could not spend time with her family.

According to the Third Circuit Court of Appeals in Moolenaar v. Atlas Motor Inns, Inc., 616 F.2d 87, 89 (3d Cir. 1980), the trial court should make an initial determination whether the plaintiff has established "that the conduct complained of could reasonably be regarded as so extreme and outrageous as to permit recovery." The plaintiff must make a showing that defendant's conduct was so outrageous that no reasonable person in a civilized society should be expected to endure it.

■ Taking all of Petersen's allegations as true, we do not find that they meet the standard necessary to justify this submission of this claim to a jury. Petersen's claim for intentional infliction of emotional distress will therefore be dismissed.

Although inartfully drawn, Petersen's complaint states a cause of action for breach of contract, and breach of the implied covenant of good faith and fair dealing. First Federal's motion to dismiss or for

---

[5] Section 46(1) provides:

§ 46. *Outrageous Conduct Causing Severe Emotional Distress*

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

summary judgment will therefore be denied as to these claims and granted as to the intentional infliction of emotional distress claim.

## ORDER

THIS MATTER is before the Court on motion of defendant First Federal Savings Bank to dismiss, or in the alternative, for summary judgment. The Court having filed its memorandum opinion on even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT defendant's motion to dismiss for lack of subject matter jurisdiction be and the same is hereby DENIED; and

THAT defendant's motion for summary judgment on the claim for intentional infliction of emotional distress be and the same is hereby GRANTED; and

THAT paragraph 11 of plaintiff's complaint be and the same is hereby DISMISSED.