**ANDREW MARCANO a/k/a LORD SUPERIOR, Plaintiff**

**v.**

**COWPET BEACH RESORT, INC., Defendant**

Civil No. 570/1990

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 9, 1995

 

DESMOND L. MAYNARD, St. Thomas, V.I., *for plaintiff*

J. DARYL DODSON, (DUDLEY TOPPER AND FEURZEIG), St. Thomas, V.I., *for defendant*

CHARLES ENGEMAN, (DUDLEY TOPPER AND FEURZEIG), St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment, Motion to Deem Summary Judgment Conceded, and Motion to Deem Conceded Motion to Deem conceded. Plaintiff has not responded to Defendant's motions.

## I. MOTION FOR SUMMARY JUDGMENT

Defendant's Motion for Summary Judgment as to Count I is premised on three contentions (1) that there was no binding contract between Plaintiff and Defendant, (2) that any alleged contract was terminable at-will, (3) that the Defendant's obligation to provide notice is waived by the doctrine of force majeure or impossibility of performance. In addition, Defendant contends that Plaintiff fails to state a claim as to Count II of its complaint.

For the reasons stated below, the Court will deny the Defendant's Motion for Summary Judgment as to Count I, since there are genuine issues of material fact that should be reserved for trial, and will grant Summary Judgment as to Count II since Plaintiff failed to state a claim thereunder.

### A. *Applicable Law*

Rule 56(c) of the Federal Rules of Civil Procedure instructs a court to enter Summary Judgment where the record reveals no genuine issue of material fact and the evidence entitles the movant

to judgment as a matter of law. The moving party bears the burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). Following such a showing, the burden shifts to the non-moving party to present affirmative evidence from which a jury might reasonably return a verdict in his favor. Id. at 2553-54. Anderson v. Libby Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202. The non-moving party, however, may not rest on his pleadings, bare assertions, or conclusory allegations, but must set forth specific facts by affidavit or other competent evidence showing there is a genuine issue of material fact. Celotex, *supra*, at 2553-54.

In deciding a Rule 56 motion, the court must view all inferences in the light most favorable to the non-moving party, Continental Inc. Co. v. Bodie, 682 F.2d 436, 438 (3d Cir. 1982), and must accept as true all allegations of the non-moving party which conflicts with those of the moving party. Anderson, *supra*, at 2513. In addition, all doubts must be resolved in favor of the non-moving party. Hollinger v. Wagner Mining Equip. Co., 667 F.2d 402, 405 (3d Cir. 1981).

B. *Count I — Breach of Contract*

1. *Was Contract Binding?*

The Defendant argues that because the Plaintiff cannot establish the existence of a binding contract, the Defendant is entitled to Summary Judgment as to Count I of Plaintiff's Complaint.

■ The only essential prerequisite for creation of a valid contract is that the parties mutually assent to the terms and conditions of the agreement. Isidor Paiewonsky Assoc. v. Sharp Properties Inc.,761 F. Supp. 1231, 26 V.I. 228 (D.V.I. 1991). The manifestation of mutual assent almost invariably takes the form of an offer by one party which is accepted by the other party. Ventura v. Pearson, 17 V.I. 107, 111 (Terr. Ct. 1987)(citing Restatement (2d) Contracts § 22). Assent is completed only upon acceptance of the offer by the offeree. Sharp Properties Inc., *supra* at 232.

It is undisputed that the Plaintiff and Defendant entered into a written personal services agreement on or about August 18, 1989,[1] which called for the Plaintiff to perform musically six (6) times per week at the Defendant's Elysian Hotel at a rate of Two Hundred Twenty-Five Dollars and 00/100 ($225.00) per night. Mr. Winter, the food and beverage director of Elysian, signed this agreement on August 18, 1989. At issue, however, is the final sentence of that agreement which provides that "this letter serves as an intention and is subject to reconfirmation in writing from the General Manager of Elysian."

■ The Defendant argues that because the General Manager never reconfirmed this agreement in writing, the written agreement represents an intention rather than a binding contract. The Plaintiff admits that the General Manager did not reconfirm the agreement in writing. See Plaintiff's Deposition at p. 17. It is not clear on these facts, however, whether Mr. Winter, the Food and Beverage Manager of Defendant's Elysian Hotel had the authority to bind the Defendant to an employment contract with the Plaintiff, and there exists a genuine issue of material fact as to whether a contract was formed based upon the written agreement. Upon examination of the undisputed facts and circumstances beyond the written agreement, the parties may have formed a contract based upon performance. The record reveals that the Plaintiff performed musically at the Defendant's Elysian Hotel, and that the Defendant paid Plaintiff for his performances for over five (5) weeks.

The principles of the Restatements of Law govern the Virgin Islands in the absence of local statutory or case law to the contrary.[2] Restatement (2d) of Contracts § 34 provides in pertinent part that:

(1) The terms of a contract may be reasonably certain even though it empowers one or both parties to make a selection of terms in the course of performance.
(2) Part performance under an agreement may remove uncertainty and establish that a contract enforceable as a bargain has been formed.

[1] Agreement is attached as Exhibit A to Plaintiffs Deposition.
[2] Title 1 V.I.C. § 4, Walter Matter v. The M/V Mar, 27 V.I. 247 (D.V.I. 1992).

A genuine issue exists as to whether any defects in the formation of a contract between Defendant and Plaintiff arising out of the undisputed lack of reconfirmation by the General Manager, were cured by both party's performance in accordance with the terms of the written agreement from August 28, through September 16, 1989. See Plaintiff's Deposition at p. 17.

## 2. *Was Contract Terminable At-Will?*

The Defendant argues that any contract formed with the Plaintiff was terminable at-will because of the lack of a definite term for performance thereunder. Employment is "at-will" if the employment agreement does not specify a definite duration, but will last as long as mutually satisfactory. Freiburger v. Emery Air Charter, Inc., 795 F. Supp. 253, 260 (N.D. Ill. 1992). If the agreement in the instant matter is determined to be a binding contract, the issue as to whether it would be an "at-will" contract would have to be determined, taking into consideration its completion time, etc..

The parties agreed to provide two weeks notice prior to termination of performance, and this notice provision was included in the written agreement. The Restatement (2d) Contracts § 203 states, among other things, that in the interpretation of a promise or agreement or a term thereof, specific terms and exact terms are given greater weight than general language; and separately negotiated or added terms are given greater weight than standardized terms. The mutually agreed upon notice requirement within the agreement would, therefore, prevail over the general rules governing at-will contracts which do not require notice, and the parties would be bound by the specific terms of that agreement.

Plaintiff's employment was terminated on October 6, 1989. The Defendant admits that Plaintiff was terminated without two weeks prior notice,[3] although Plaintiff performed two nights subsequent

---

[3] See Defendant's Memorandum in support of Motion for Summary Judgment at p. 3. "On October 5, 1989, Marcano called Mr. Rodriguez and scheduled an appointment with [Frank Rodriguez] for the following day, October 6, 1989. At that meeting, Mr. Rodriguez informed Marcano that as a result of Hurricane Hugo, the Elysian needed to restructure itself and that Marcano would not be able to continue to perform on a nightly basis. Nevertheless, Mr. Rodriguez allowed Marcano to perform that night and the following night." Plaintiff was never recalled to work after that time.

to termination on October 6th, and 7th, at Defendant's request. The Restatement (2d) Contracts § 235 provides that when performance of a duty is due under a contract any non-performance is a breach. Thus, the issue as to whether the contract was breached, whether at-will or not, is a genuine issue of material fact that militates against the granting of Summary Judgment.

### 3. Was Two Week Notice Provision Waived?

The Defendant further argues that any obligation it may have had to provide two weeks notice prior to termination of the Plaintiff is waived by the doctrine of force majeure or impossibility of performance due to the occurrence of Hurricane Hugo in St. Thomas on September 17, 1989. It is undisputed that Plaintiff's performances were interrupted from September 16th through September 25, 1989. The Defendant also argues that this interruption was due to Hurricane Hugo.

The Restatement (2d) Contracts § 261 comment d provides that the performance may be impracticable because extreme and unreasonable difficulty, expense, injury, or loss to one of the parties will be involved. Illustration (1)(b) of the Restatement (2d) Contracts § 235 also provides that when performance is due . . . anything short of full performance is a breach, even if the party who does not fully perform was not at fault, and even if the defect in his performance was not substantial.

■ The Defendant's argument's, regarding its impossibility of performance, however, raise issues of fact that are not admitted by Defendant. Further, Defendant's arguments regarding impossibility of performance must be examined in conjunction with the Defendant's admission that it reopened its Elysian Hotel only eight (8) days after Hurricane Hugo swept through the Virgin Islands. See Defendant's Memorandum in support of its Motion For Summary Judgment at p.2. The Court cannot properly resolve the waiver issue or other factual disputes regarding Hurricane Hugo's effect, or lack thereof, in a Motion for Summary Judgment.

In sum, the Court finds that there are genuine issues of material fact as to Count I of Plaintiff's complaint including: whether a contract was formed, and if so, what type of contract, and under what terms are the parties bound, and any possible waiver of those

terms. Since these issues must be reserved for trial, Defendant's Motion for Summary Judgment as to Count I must be denied.

### C. *Count II — Breach of Good Faith and Fair Dealing*

■ Defendant argues that Count II of Plaintiff's complaint fails to state a claim for breach of good faith and fair dealing. The Restatement (second) of Contracts § 205 (1981) provides that "[every] contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." The Virgin Islands recognizes a cause of action for breach of good faith and fair dealing in an at-will employment situation. Petersen v. First Federal Savings and Loan Assn, 617 F. Supp. 1039, 1042 (D.V.I. 1985). However, even in the event that this Court were to find an at-will contract exists in the instant matter, in order for Plaintiff to succeed on Count II of its complaint, the Plaintiff must allege acts by the Defendant that amount to fraud, deceit, or misrepresentation". Robinson v. Hess Oil Virgin Islands Corp., 19 V.I. 106, 111 (D.V.I. 1982).

In support of its argument the Defendant argues that Plaintiff admits that he is "not claiming that negligence or intentional misconduct caused my damages. "See Defendant's Memo. in Support of Motion for Summary Judgment page 12, (citing Plaintiff's Answer to Defendant's Second Set of Interrogatories, Interrogatory No. 3). Although the Court is very liberal about giving the non-moving party an opportunity to respond, the Plaintiff failed to allege any facts that would support his claim under Count II, and no submissions whatsoever have been submitted in support thereof.

Upon review, the Court finds that Plaintiff fails to state a claim upon which relief can be granted as to Count II of its complaint, and therefore, Defendant is entitled to Summary Judgment as to Count II.

## II. MOTION TO DEEM CONCEDED MOTION FOR SUMMARY JUDGMENT AND MOTION TO DEEM CONCEDED MOTION TO DEEM CONCEDED

The Defendant argues that pursuant to Local Rule 7.1, this Court should deem the above-captioned matter conceded since the

Plaintiff has not responded to Defendant's motions in the instant action.

■ Local Rule 7.1 which provides in pertinent part that upon failure of respondent to file a response and brief in opposition to the motion, the court may treat the motion as conceded and render whatever relief is asked for in the motion. *However, although LRCi 7.1(j) through Terr. Ct. R. 7 authorizes this Court to deem as conceded Defendant's motions, it is not alone a sufficient basis for the entry of summary judgment; there must, in addition, be a finding that judgment for Defendant is appropriate.* Anchorage Assoc. v. V.I. Board of Tax Review, 922 F.2d 168(3d Cir. 1990) (emphasis supplied).

In light of the Court's denial of summary judgment as to Count I herein, and the holding in Anchorage Assoc., the Court finds the Defendant's "Motion to Deem Conceded" and "Motion to Deem Conceded Motion To Deem Conceded" to be insufficient to justify the granting of Summary Judgment.[4] Accordingly, it is hereby,

ORDERED, that the Defendant's Motion for Summary Judgment as to Count I of Plaintiff's complaint is DENIED, and that Defendant's Motions to Deem Conceded are DENIED, and it is hereby

ORDERED, that Defendant's Motion for Summary Judgment as to Count II of Plaintiff's complaint is GRANTED, and that Count II of Plaintiff's complaint is hereby DISMISSED and it is further

ORDERED, that this matter will be referred to Mediation by a separate Order of this Court.

---

[4]The Court admonishes Defendant's Counsel to avoid such multiplicity of paperwork regarding the silly and superfluous "Motion to Deem Conceded Motion To Deem Conceded" as unnecessary "fee puffing", and as clearly not in the interest of judicial economy.