W. M. BERTOLET, Plaintiff

v.

FRANK G. BURKE, and ISLAND YACHTS, INC., Defendants

No. 288-1968

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 1, 1969

*See, also, 295 F.Supp. 1176*

BAILEY, WOOD AND ROSENBERG, ESQS. (FREDRICK D. ROSENBERG, ESQ., of counsel), *for plaintiff*

GRUNERT AND STOUT, ESQS. (JOHN E. STOUT, ESQ., of counsel), *for defendants*

STALEY, *Circuit Judge*

### MEMORANDUM SUR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The issue presented by this motion for summary judgment is whether a cause of action can be sustained on a promissory note before maturity if it appears that the maker has declared his intention not to pay.

Plaintiff, W. M. Bertolet, brought this action against Frank G. Burke, and Island Yachts, Inc., defendants, alleging that Burke informed him in writing that he does not intend to make good on a promissory note, payable to plaintiff, which is due to mature on October 1, 1969. The note was executed on October 1, 1966, and bears the face amount of $18,729.00, with interest at the rate of 6% per annum. At this point in time, the contract for the payment of money represented by the promissory note is a unilateral one, since plaintiff has fully performed, and

---

\* Sitting by designation.

he asks only that he be paid now or be otherwise secured for that which is owed him.

■ According to 11A V.I.C. § 3—122(1)(a), a cause of action against the maker of a time instrument does not accrue until the day after maturity. We are aware of no provision under Article 3 of 11A V.I.C. (Uniform Commercial Code), entitled "Commercial Paper," which permits an action on a promissory note for anticipatory breach.[1] Nor are we aware of any other statute or Virgin Islands case law which would support such an action. This being the case, we must refer to the Restatement, since 1 V.I.C. § 4 provides:

"The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary."

■ Restatement of Contracts § 318 (1932) covers those situations constituting an anticipatory repudiation and a total breach of contract. Comment *e* of § 318 states that:

"The doctrine of anticipatory breach is not extended to unilateral contracts unless the promissor's duty is conditional on some future performance by the promisee. It is immaterial whether the contract was originally thus unconditionally unilateral or has become so by the performance of one party. In neither case can a breach arise before the time fixed in the contract for some performance. There must be some dependency of performances in order to make anticipatory breach possible."

---

[1] Provisions concerning "anticipatory repudiation" appear in 11A V.I.C. §§ 2—610 and 2—611, but these sections relate to sales of goods, not transactions in commercial paper.

As stated by the Supreme Court in Roehm v. Horst, 178 U.S. 1, 18 (1900):

"We think it obvious that both as to renunciation after commencement of performance and renunciation before the time for performance has arrived, money contracts, pure and simple, stand on a different footing from executory contracts for the purchase and sale of goods."

Illustration 10 of § 318 presents a factual situation quite analogous to the instant case. There it is said:

"A, in consideration of $10,000 then paid to him by B, promises B to transfer Blackacre to B on the first day of the following May. Before that day A tells B that he will not transfer the land as promised. Since the contract is unilateral, A has not committed an anticipatory breach of contract."

 Our research reveals that the case law is in overwhelming concurrence with the position adopted by the Restatement. See Smyth v. United States, 302 U.S. 329, 356 (1937); Roehm v. Horst, 178 U.S. 1, 17 (1900); Guaranty Bank and Trust Co. v. Reyna, 51, Ill.App.2d 412, 201 N.E.2d 144 (1964); Phelps v. Herro, 215 Md. 223, 137 A.2d 159 (1957) (and cases cited therein at n.1). In view of the great weight of authority on this issue we are of the opinion that plaintiff's action cannot be sustained. Accordingly, treating defendants' summary judgment motion as a motion for judgment on the pleadings pursuant to 5 V.I.C. App. I, R. 12 (F.R.Civ.P., Rule 12), plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted.