# CAROL MOORE, Plaintiff

## v.

# A. H. RIISE GIFT SHOPS and REVLON (PUERTO RICO), INC., Defendants

Civil No. 1985/19

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 4, 1987

DESMOND L. MAYNARD, ESQ., by: BENNETT CHAN, ESQ., St. Thomas, V.I., *for plaintiff*

R. ERIC MOORE, ESQ., St. Croix, V.I., *for defendant A. H. Riise*

RITA J. DIEHL, ESQ. (LAW OFFICES OF JOEL W. MARSH) St. Thomas, V.I., *for defendant Revlon (Puerto Rico), Inc.*

BROTMAN, *District Judge*

## OPINION

Plaintiff Carol Moore brought this action for recovery for personal injury, wrongful discharge, and breach of contract against A. H. Riise Gift Shops ("Riise") and Revlon (Puerto Rico), Inc. ("Revlon"). Presently before the court is a motion by Revlon for summary judgment.

## FACTUAL BACKGROUND

Moore began working for Riise in 1978 and was assigned to the counter selling Revlon cosmetics. She received a salary from Riise and a three percent commission from Revlon. On September 1, 1981, Moore was officially hired by Revlon as a "Beauty Advisor." There was no written contract of employment between plaintiff and Revlon setting forth any term with respect to the duration of her employment. See Deposition of Carol Moore at 65, 89, 90. Her job duties when she became employed by Revlon were essentially the same as those she performed as an employee of Riise. See Affidavit of Renaldo A. Zamparelli at ¶4.

Revlon contends that beginning in 1981, sales of Revlon products at Riise decreased. "The annual volume of sales of Revlon products at the Riise store declined from $99,319.00 in 1981 to $90,431.45 in 1983 to $79,777.19 in 1984." Revlon discharged ten of its seventeen Beauty Advisors in Puerto Rico effective July 27, 1984,

and in September 1984, Revlon and Riise agreed to consolidate the two counters selling Revlon products due to the decreased level of sales activity. Id. at ¶¶20, 21, 22; Defendant's Exhibit B.

Regarding Moore's knowledge of these developments, Revlon informed Moore by letter dated January 12, 1983, that company-wide austerity measures were required because of economic conditions and that her salary increase would be delayed and reduced. See Defendant's Exhibit A. In addition, Moore's commissions decreased as Revlon's sales at Riise declined because her commissions were a percentage of gross sales. See Zamparelli Affidavit at ¶20.

On May 16, 1984, during the course of her employment, plaintiff fell and injured herself in the stockroom area of the Riise store. She contends that she tripped and fell on carpeting that was not properly tacked down on an inclined passageway between the packing room and the perfume storeroom. The accident occurred when Moore was obtaining stock for her cosmetic counter.

By letter dated September 24, 1984, Revlon informed Moore that Riise and Revlon had decided to consolidate the Ultima counter and Fragrances counter because of the decreasing sales trends. The letter stated that as a result of this reorganization, Moore's services were no longer required. See Defendant's Exhibit C. At the time Moore was discharged, she still had not returned to work since her May injury. From May through September 1984, plaintiff had continued to receive her full salary. See Moore Deposition at 45.

Moore filed a Workmen's Compensation claim but was refused coverage because Revlon had not paid its premiums. Revlon was notified of the deficiency and on July 20, 1984, paid the amount past due, $559.44, to the Virgin Islands' Commissioner of Finance. See Defendant's Exhibit D. Moore states that the government continued to deny coverage and advised her in October 1984 that because of Revlon's uninsured status at the time of the accident, she could elect to sue Revlon directly or receive Workmen's Compensation through the Uninsured-Employer Fund, 24 V.I.C. § 261(a)(1). See Moore Deposition at 15, 116, 117, 95; 24 V.I.C. § 261(b)(1); Vanterpool v. Hess, 766 F.2d 117 (3d Cir. 1985), cert. denied, 106 S.Ct. 801 (1986).

Plaintiff's action asserts the following claims. Count I claims that Revlon and Riise negligently maintained the premises at Riise that resulted in personal injury to her. Count II states that Revlon was not insured under the Virgin Islands Workmen's Compensation law at the time of her injury. In Count III, Moore alleges that her

employment with Revlon was terminated while she was recovering from her injuries for no "legal or justifiable reason." Count IV also alleges wrongful discharge in violation of the public policy of the Virgin Islands but adds that such termination "inflicted emotional distress upon Plaintiff." Count V asserts a breach of contract claim, alleging that the Virgin Islands statute requiring an employer to enroll in the Workmen's Compensation system is an implied term of an employment contract between Moore and Revlon. Count VI alleges generally "intentional culpable conduct."

## DISCUSSION

■ The standard for granting summary judgment is a stringent one. Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Hersh v. Allen Prod. Co., Inc., 789 F.2d 230, 232 (3d Cir. 1986); Lang v. New York Life Ins. Co., 721 F.2d 118 (3d Cir. 1983). In deciding whether an issue of material fact does exist, the court is required to view all doubt in favor of the nonmoving party. See Meyer v. Riegel Prod. Corp., 720 F.2d 303, 307 (3d Cir. 1983); Knoll v. Springfield Township School District, 699 F.2d 137, 145 (3d Cir. 1983); Smith v. Pittsburgh Gage and Supply Co., 464 F.2d 870, 874 (3d Cir. 1972).

A. *Count I*

In Count I, Moore alleges that Revlon negligently maintained the premises at Riise where the accident occurred. Revlon responds that first, it had no control over the area in question, and second, that Revlon's duty to provide safe working conditions does not extend to the condition of premises not in its control.

Revlon correctly cited the relevant law on this issue. The common law of the Virgin Islands is that contained in the Restatement. See 1 V.I.C. § 4. The law as stated in the Restatement governs the Virgin Islands unless preempted by the Virgin Islands law. The Restatement (Second) of Agency § 504 states as follows;

> The master's duty as to working conditions does not extend to the condition of premises not in his control, or to the conduct of third persons with whom the servants are to be brought into contact during the course of the work, except that he has a duty to disclose dangerous conditions of which he should know.

230

The court must deny defendant's motion for summary judgment on this Count because there is an issue of material fact in dispute. Even if Revlon had no control over the area in which the accident occurred, it had a duty to warn employees of dangerous conditions of which it knew or should have known. Restatement (Second) of Agency § 504. Plaintiff testified that at a time immediately preceding her accident, the area supervisor of Revlon was in the storeroom to which plaintiff was heading when she fell. See Moore Deposition at 79. She argues that the Revlon supervisor must have travelled over the hazardous area and should have disclosed its presence to Moore. Id. at 79. The Complaint states that "Defendants knew or should have known that, prior to the incident herein complained of, other persons were caused to stumble and/or fall on the said carpeting where Plaintiff was injured." Complaint at ¶8. Defendant argues that plaintiff herself was "not aware" of any problem with the carpeting. Moore Deposition at 79. Revlon has submitted no affidavit stating that it did not know or should not have known of the hazardous condition. Defendant merely states in its brief that "there is no evidence that Revlon had such notice." Defendant's Memorandum at 14. Such a statement is an insufficient basis on which to grant summary judgment.

Furthermore, whether Revlon knew or should have known of the alleged hazard is a question for the jury. In Butz v. Union Pac. R. Co., 120 Utah 185, 233 P.2d 332, 335-36 (1951), the court, citing the Restatement of Agency § 504, held that whether the railroad should have reasonably foreseen the likelihood of injury and whether additional precautions should have been taken by the railroad to provide the switchman with a safe place to work were questions for the jury.

 As there is a genuine issue of material fact in dispute as to whether Revlon knew or should have known of the alleged hazard, the court must deny summary judgment regarding Count I.

## B. *Count II*

 Count II states that Revlon was not insured under the Virgin Islands Workmen's Compensation law at the time of plaintiff's injury. In this Count, plaintiff merely asserts that because of Revlon's uninsured status, she is "empowered to file this action" by the Virgin Islands Code. The statute allows an employee of an uninsured employer to elect between receiving compensation under the Workmen's Compensation statute or bringing suit against the

employer. Moore has elected to sue her employer. Count II merely asserts that plaintiff has the statutory right to bring this action, see 24 V.I.C. § 261(a)(1), it does not state a separate claim against defendants. Plaintiff does not respond to Revlon's argument regarding Count II. Count II will be dismissed without prejudice under Fed. R. Civ. P. 12(b)(6) as not stating a claim upon which relief can be granted.

## C. *Counts III and IV*

Counts III and IV assert claims for wrongful discharge. Moore contends that she was discharged illegally because Revlon had received information that she was going to sue Riise and/or Revlon to recover compensation for her fall and resulting injuries. See Moore Deposition at 97 et seq.; 108 et seq. She also argues that she was being penalized by Revlon because it had continued to pay her during the time she was not covered by Workmen's Compensation. Id. at 96.

Defendant argues first that the Virgin Islands does not recognize a tort of wrongful discharge. According to Revlon, the Virgin Islands law is that embodied in the Restatement, which has adopted the common law rule that an employee at will can be terminated for any reason. As Moore had no written employment contract with Revlon, she was an employee at will. In the alternative, Revlon argues that even if such a public policy exception to the common law rule does apply, the termination of plaintiff's employment was neither illegal, without justifiable reason, nor against public policy. Revlon claims that even assuming Moore was terminated because Revlon thought she might be contemplating litigation against it or Riise, there is no violation of public policy by such action.

The court must first decide whether there is a cause of action for wrongful discharge in the Virgin Islands. That is, whether the Virgin Islands had adopted the position that an employee at will cannot be discharged for a reason which violates public policy. This has been referred to as the public policy exception to the common law employee-at-will rule.

In recent years, many jurisdictions have modified the common law by recognizing a cause of action for wrongful discharge of an at-will employee. Such states include: Arizona, Larsen v. Motor Supply Co., 117 Ariz. 507, 573 P.2d 907 (Ariz. App. 1977); Arkansas, Scholtes v. Signal Delivery Service, Inc., 548 F. Supp. 487 (W.D. Ark. 1982) (applying Ark. law); California, Petermann v. Intl. Brotherhood of Teamsters, 174 Cal. App. 2d 184, 344 P.2d

25 (1959); Hawaii, Parnar v. Americana Hotels, Inc., 65 Hawaii 370, 652 P.2d 625 (1982); Idaho, Jackson v. Minidoka Irrig. Dist., 98 Idaho 330, 563 P.2d 54 (1954); Illinois, Kelsay v. Motorola, Inc., 74 Ill. 2d 172, 384 N.E.2d 353 (1978); Indiana, Frampton v. Central Indiana Gas Co., 260 Ind. 249, 297 N.E.2d 425 (1973); Kentucky, Scroghan v. Kraftco Corp., 551 S.W.2d 811 (Ky. App. 1977); Massachusetts, Cort v. Bristol-Myers Co., 385 Mass. 300, 431 N.E.2d 908 (1982); Maryland, Adler v. American Standard Corp., 291 Md. 31, 432 A.2d 464 (1981); Michigan, Sventko v. Kroger Co., 69 Mich. App. 644, 245 N.W.2d 151 (1976); Montana, Keneally v. Orgain, 186 Mont. 1, 606 P.2d 127 (1980); New Hampshire, Monge v. Beebe Rubber Co., 114 N.H. 130, 316 A.2d 549, 551 (1974); New Jersey, Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58, 417 A.2d 505 (1980); New York, Waldman v. Englishtown Sportswear, Ltd., 92 App. Div. 2d 833, 460 N.Y.S.2d 552 (1st Dept. 1983); Oregon, Nees v. Hocks, 272 Or. 210, 536 P.2d 512 (1975); Pennsylvania, Geary v. United States Steel Corp., 456 Pa. 171, 184, 319 A.2d 174, 180 (1974); West Virginia, Harless v. First Natl. Bank, 162 W. Va. 116, 246 S.E.2d 270 (1978); Wisconsin, Ward v. Frito-Lay, Inc., 95 Wis. 2d 372, 290 N.W.2d 536 (1980).

Other jurisdictions have refused to adopt exceptions to the common law right to terminate an employment-at-will relationship with or without cause. See, e.g., Alabama, Davis v. Marshall, 404 So. 2d 642 (Ala. 1981); Florida, DeMarco v. Public Super Markets, Inc., 360 So. 2d 134 (Fla. App. 1978), aff'd, 384 So. 2d 1253 (1980); Ohio, Peterson v. Scott Construction Co., 5 Ohio App. 3d 203, 451 N.E.2d 1236 (1982); Texas, Perdue v. J. C. Penney Co., 470 F. Supp. 1234 (S.D.N.Y. 1979) (applying Texas law).

This court must look to the law of the Virgin Islands to determine whether there is a public policy exception to the employment-at-will doctrine and if so, whether the alleged wrongs in this case fall under that exception. As stated above, this court is obligated under 1 V.I.C. § 4 to follow the applicable Restatement unless there is local law to the contrary. See Skeoch v. Ottley, 377 F.2d 804 (3d Cir. 1967).

Defendant argues that the Restatement (Second) of Agency expressly governs this case and its relevant section, § 442, adopts the common law doctrine of employment-at-will. See Section 442 comment (a). Defendant cites Schuster v. Thraen, 1981 St. X. Supp. 25 (D.V.I. 1981), in support of its position that the Virgin Islands does not recognize the tort of wrongful discharge. The court there

233

stated, the "[c]onstraints of 1 V.I.C. § 4 prevents the recognition of this tort in the Virgin Islands." Schuster, supra at 27. Because of the status of the Virgin Islands law, Revlon asserts, this court is not authorized to inquire into the reasons for the termination of an at-will employment.

Plaintiff responds that in Robinson v. Hess Oil Virgin Islands Corp., 19 V.I. 106 (D.V.I. 1982), Judge Christian addressed defendant's argument that the action for wrongful discharge and breach of an at-will employment contract should be dismissed because under Virgin Islands law there was no cognizable cause of action for wrongful discharge of an at-will employee. The court stated, "While plaintiff may not ultimately prevail in the present action, we conclude that his claim for tortious discharge, regardless of an applicable statute states a claim upon which relief may be granted. Accordingly, the motion to dismiss . . . will be denied."

In its reply brief, Revlon acknowledges that the holdings of Robinson and Schuster are directly at odds, and argues that this court should follow the holding of Schuster because Robinson was incorrectly decided. The court in Robinson, Revlon contends, acknowledged the absence of applicable local law authorizing a claim of wrongful discharge but failed to mention that the Restatement (Second) of Agency § 442 governed. The court wrongfully applied the law of other jurisdictions rather than of the Restatement as is required by 1 V.I.C. § 4.

Plaintiff, in its supplemental brief, responds that the law of the Restatement can be displaced by either Virgin Islands statute or Virgin Islands case law. See Skeoch, 377 F.2d at 810 (Virgin Islands law incorporates the Restatements "absent contrary local law or statute."); Bertolet v. Burke, 7 V.I. 114, 116 (D.V.I. 1969) (in the absence of "statute or Virgin Island case law" the court must refer to the Restatements); Co-Build Co., Inc. v. Virgin Islands Refinery Corp., 15 V.I. 528 (3d Cir. 1978) (court should turn to the Restatements, "when no precedents relate specifically to the adjudication of a Virgin Islands dispute"). Moore contends that because the court in Robinson held that a cause of action for wrongful discharge does exist in the Virgin Islands, Section 442 of the Restatement (Second) Agency is not applicable.

■■ This court holds that there is a cause of action for wrongful discharge in the Virgin Islands and bases its decision on two grounds. First, this cause of action was created by the Robinson decision and thus replaces the Restatement (Second) of Agency §

234

442. Second, the court agrees with Judge Christian's reasoning in Robinson and with the wisdom of adopting the public policy exception.

1 V.I.C. § 4 states:

> The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

As plaintiff pointed out, "local law" is not limited to Virgin Islands statute, but also includes Virgin Islands case law. See Skeoch, supra; Bertolet, supra; Co-Build Co., supra. In Robinson, Judge Christian explicitly created a cause of action for wrongful discharge in the Virgin Islands. As Robinson was decided after Schuster, Robinson is the most recent authority on this issue and is the case to which this court must look. Although the Robinson court did not cite the Restatement or Schuster, it was no doubt aware of the existence of such prior authority and chose to depart from it and create the public policy exception. That decision having been made, it is "local law" which has the effect of displacing law to the contrary contained in the Restatement. 1 V.I.C. § 4.

As the Robinson court explained, the public policy exception can be created by the judiciary, not only the legislature. The court cited cases from Pennsylvania, New Hampshire, Oregon, and Indiana in which the public policy exception was judicially rather than legislatively adopted. See Robinson, 19 V.I. at 110–11. It then proceeded to create a cause of action for wrongful discharge in the Virgin Islands.

The cases Robinson cites are from state courts, not federal courts. Arguably, the judicial adoption of the public policy exception may be appropriate when done by a state court but not a federal court. However, in the Virgin Islands, the federal courts have a broad jurisdiction unlike federal jurisdiction in the states. See 4 V.I.C. §§ 32 and 74. It was thus properly within the court's judicial power to adopt the public policy exception.

In addition to finding that it is bound by the Robinson decision, as superceding the Restatement, this court believes that the Robinson case was correctly decided.

The New Jersey Supreme Court, in its decision adopting the public policy exception, reviews the original underpinnings of the

common law rule and explains how society has changed, rendering a strict application unacceptable.

> In the last century, the common law developed in a laissez-faire climate that encouraged industrial growth and approved the right of an employer to control his own business, including the right to fire without cause an employee at will. See Comment, 26 Hastings L.J. 1434, 1441 (1975). The twentieth century has witnessed significant changes in socio-economic values that have led to reassessment of the common law rule . . . . Growth in the number of employees has been accompanied by increasing recognition of the need for stability in labor relations . . . . Consistent with this policy, many states have recognized the need to protect employees who are not parties to a collective bargaining agreement or other contract from abusive practices by the employer.

Pierce, 84 N.J. at 66–67.

Having determined that the public policy exception to the employee-at-will doctrine does and should exist in the Virgin Islands, we next turn to the question of whether Moore was discharged for reasons contrary to a clear mandate of public policy.

In determining the scope of the public policy exception, we look for guidance to other states that have adopted the exception. The Supreme Court of New Jersey stated that:

> The sources of public policy include legislation; administrative rules, regulations or decisions; and judicial decisions. In certain instances, a professional code of ethics may contain an expression of public policy. However, not all such sources express a clear mandate of public policy . . . . Absent legislation, the judiciary must define the cause of action in case-by-case determinations.

Pierce, 84 N.J. at 72.

Plaintiff's complaint merely alleges that she was discharged in violation "of the public policy of this territory." Complaint at ¶16. In her response to this motion, however, plaintiff lists two statutes which she claims have been violated by her termination: 24 V.I.C. § 285 and 10 V.I.C. § 122.

(1) *24 V.I.C. § 285*

24 V.I.C. § 285 entitled "Mandatory Rehiring of Injured Employee" requires an employer to

[R]ehire any employee who

(1) has been disabled and thereby unable to continue his employment, as certified under this chapter, and

(2) immediately after the termination of the disability, applies to the employer for reemployment in the position which he held, at the time of injury, or in a substantially equivalent position, unless . . . the employer has terminated the employment after the accident for just cause.

Revlon responds that 24 V.I.C. § 285 is inapplicable because Moore never re-applied for employment after the termination of her disability. See Moore Deposition at 69.

The court believes that if the facts of this case meet the requirements of 24 V.I.C. § 285, plaintiff has alleged a violation of public policy sufficient to support a wrongful discharge action. Although § 285(b) provides that "the Commissioner shall enforce the provisions of this section by order after hearing," this administrative remedy "will clearly be augmented by recognition of an alternative or supplemental judicial right to secure civil redress." See Lally v. Copygraphics, 85 N.J. 668, 670, 428 A.2d 1317 (1981).

It is unclear from the record currently before the court—namely Moore's deposition and the parties' pleadings—whether or not the statutory requirement that plaintiff reapplied for employment after the end of her disability was met. It is not clear exactly when the disability terminated. In addition, Moore does not explicitly state that she did not reapply, although her deposition implies that she did not. See Moore Deposition at 69. Moore states that she was told by her supervisor that her job was still available for her, and that she did not have to worry. See Moore Deposition at 68–70. Such a message might render futile a formal reapplication, and 24 V.I.C. § 285 might still apply.

(2) *10 V.I.C. § 122*

Moore next states that she was fired "because defendant Revlon received information that plaintiff was contemplating litigation against it." See Plaintiff's Response to Defendant's Motion for Summary judgment; Moore Deposition at 91–93, 109. In her deposition, she also claims that she was discharged for reporting that Revlon was not covered by Workmen's Compensation in violation of Virgin Islands law. See 24 V.I.C. §§ 261, 272. She claims that such retaliatory firing violates 10 V.I.C. § 122, the

Whistleblowers Act, which states in relevant part that, "An employer shall not discharge . . . an employee . . . because the employee . . . reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to the law of this territory or the United States to a public body . . . ."

Defendant contends that the filing of a complaint to recover personal injury compensation cannot be equated with reporting a violation of a law covered by the Whistleblower's Act. The court agrees.

Defendant also argues that the court should not create a new cause of action when there are state statutory remedies available. Revlon contends that the remedy for a violation of 10 V.I.C. § 122, contained in 10 V.I.C. § 123(a), is the exclusive remedy for violation of the Whistleblowers Act.

In Wolk v. Saks Fifth Ave. Inc., 728 F.2d 221 (3d Cir. 1984), and Bruffett v. Warner Communications, Inc., 692 F.2d 910, 912 (3d Cir. 1982), the Third Circuit held that the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. §§ 951 et seq. ("PHRA"), and the procedures established therein provide the exclusive remedy for violation of the Act. The court in Bruffett acknowledged that New Jersey has affirmed a common law right of action for wrongful discharge attributable to the employee's filing of a worker's compensation claim even though a statutory remedy was provided. See Lally v. Copygraphics, supra. The court distinguished the PHRA stating that "unlike the New Jersey worker's compensation situation, the PHRA embodies a discrete comprehensive administrative procedure, including conciliation and negotiation." Bruffett, supra at 919.

This court is not confronted with the situation addressed in Wolk or Lally, in which a statute provides for an administrative remedy which plaintiff seeks to supplement with a judicial remedy. Here, the statute provides for a judicial remedy for violation of 10 V.I.C. § 122. 10 V.I.C. §§ 123 and 124 state as follows:

§ 123. Violations

(a) A person who alleges a violation of this chapter may bring a civil action for appropriate injunctive relief, or actual damages, or both, within ninety days after the occurrence of the alleged violation of the provisions of this chapter.

(b) An action commenced pursuant to subsection (a) of this section may be brought in the territorial court division where

the alleged violation occurred, the territorial court division where the complainant resides, or the division where the person against whom the civil complaint is filed resides or has his principal place of business.

§ 124. Court Awards

A court rendering a judgment in an action brought pursuant to the provisions of this chapter, shall order, as the court considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages, or any combination of these remedies. A court may also award complainant all or part of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate.

The statute explicitly provides for a judicial remedy and states when and where such an action may be brought. Plaintiff did not comply with either of these requirements. Moore failed to file a claim in territorial court alleging a violation of this statute within ninety days after the alleged violation. Plaintiff did not specifically assert this statutory violation in her complaint. This is not proper time, nor is this the proper forum in which plaintiff can allege a violation of 10 V.I.C. § 122.

■ The court will deny defendant's motion for summary judgment on Counts III and IV because there is a cause of action for wrongful discharge and because from the facts presented, the court cannot hold as a matter of law that Moore has not set forth a claim that the public policy underlying 24 V.I.C. § 285 has not been violated.

The court will grant plaintiff leave to amend the complaint to combine Counts III and IV into one count for wrongful discharge and to allege that the public policy underlying 24 V.I.C. § 285 has been violated.

D. *Count V*

In Count V plaintiff claims that defendant breached an implied term of the employment agreement by failing and/or refusing to provide workmen's compensation coverage. Defendant argues that this Count does not assert a legally cognizable claim. Defendant argues that the failure of an employer to pay workers' compensation does not affect the employee's right of recovery. Under 24 V.I.C. § 261(a), claims for compensation in the case of an employee

239

working for an uninsured employer "shall be processed and paid for . . . in the same manner as claims against insured employers . . . ."

The court agrees that plaintiff was not harmed by Revlon's failure to pay workmen's compensation, as plaintiff could have opted to be compensated from the Uninsured-Employer Subfund. The statute establishes penalties against employers who, in violation of law, are not insured. See 24 V.I.C. § 272(a) requiring employers to insure and § 277 setting forth the penalties for those who do not. 24 V.I.C. § 277(d) provides that in addition to the other remedies provided in the chapter, the Attorney General may institute an action to enjoin a delinquent employer from conducting his business until all penalties have been paid.

■ The statute lists the remedies available against an uninsured employer. The statute does not state that the employer has a breach of contract claim. Moore has stated no authority for the existence of such a claim. In addition, Moore has not stated how she was injured by Revlon's failure to pay its premiums. The court will thus dismiss Count V without prejudice.

E. *Count VI*

Count VI alleges that, "Defendants, by their conduct alleged herein, have negligently, intentionally and unjustifiably caused injury to plaintiff. Said conduct is culpable and, accordingly, defendants are liable for said injuries." Defendants contend that Moore does state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Restatement (Second) of Torts § 870 establishes the existence of the general tort known as the "prima facie tort" or "innominate tort." Section 870 states that, "One who intentionally causes injury to another is subject to liability to the other for that injury, if his conduct is generally culpable and not justifiable under the circumstances. This liability may be imposed although the actor's conduct does not come within a traditional category of tort liability." The comments elaborating on the contours of this tort state that the actor's conduct must be both culpable and unjustifiable.

The court is unable to determine what specific cause of action Count VI alleges, distinct from the torts alleged in the prior counts. The court agrees with defendant that Count VI is vague and does not specifically clarify on which facts plaintiff is relying—on the

240

personal injury or the discharge. Count I asserts a claim that defendants acted negligently, recklessly, willfully and/or maliciously in allowing an unsafe condition which caused Moore's fall. Counts III and IV assert a claim for wrongful discharge. Plaintiff has failed to plead any facts in Count VI to support a claim for another tort in addition to and distinct from the two previously alleged.

Moore did not submit any opposition to defendant's motion to dismiss Count VI.

■ The court will dismiss Count VI without prejudice for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).

An appropriate order will be entered.

### ORDER

This matter having come before the court on motion of defendant Revlon (Puerto Rico), Inc.; and

The court having reviewed the submissions of the parties; and

For the reasons stated in the court's opinion filed this date

IT IS on this 4th day of May 1987, hereby

ORDERED that the motion of defendant Revlon (Puerto Rico), Inc., for summary judgment regarding Counts I, III and IV of the complaint is DENIED; and it is

FURTHER ORDERED that the motion of defendant Revlon (Puerto Rico), Inc., for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), regarding Counts II, V and VI is GRANTED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that plaintiff is granted leave to amend the Complaint to combine Counts III and IV into a single Count, and to allege in that Count that her discharge violated the public policy underlying 24 V.I.C. § 285.

No costs.